OPINION OF THE COURT
JORDAN, Circuit Judge.
Roger Wilson appeals from the judgment of conviction and sentence entered against him by the United States District Court for the Western District of Pennsylvania on January 8, 2008. For the following reasons, we will affirm.
I. Background
On September 13, 2006, Wilson was charged with nine other defendants in a ninety-six-count indictment alleging various drug crimes in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(l)(A)(ii), 841(b)(l)(B)(ii), 843(b), 843(d), 846, and 18 U.S.C. § 2(a). While he was free on bond, Wilson engaged in more drug-related activity, which led to a March 2007 indictment charging him with possession with intent to distribute less than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a) and 841(b)(1)(C).
On October 10, 2007, Wilson pleaded guilty to one count of conspiracy[1] stemming from the 2006 indictment and the possession count stemming from the 2007 indictment, pursuant to a plea agreement. As part of the agreement, Wilson waived his right to appeal his sentence, subject to the following exceptions:
(a) If the United States appeals from the sentence, Roger Wilson may take a direct appeal from the sentence.
(b) If (1) the sentence exceeds the applicable statutory limits set forth in the United States Code, or (2) the sentence unreasonably exceeds the guideline range determined by the Court under the Sentencing Guidelines, Roger Wilson may take a direct appeal from the sentence.
(App. at 63-64.)
The United States Probation Office calculated Wilson’s offense level at 26, which, when coupled with his criminal history category of II, produced a Sentencing Guidelines range of 70-87 months’ imprisonment. At sentencing, the District Court rejected Wilson’s argument that his offense level should be reduced because he was a minor participant in the conspiracy. The Court adopted the Guidelines calcula *156 tions of the Probation Office and sentenced Wilson to sixty months’ imprisonment on the conspiracy count and sixty months’ imprisonment on the possession count, the terms to run concurrently. The Court also added a sentence of five months’ imprisonment for committing an offense while on release, in violation of 18 U.S.C. § 3147, to run consecutively to the sixty-month terms.[2] All told, he received a sentence amounting to sixty-five months’ incarceration.
Wilson filed a timely notice of appeal. He argues that the Court erred in declining to grant the two-level minor role departure and, alternatively, that his sentence was unreasonable.
II. Discussion[3]
Wilson’s appeal is foreclosed because he waived the right to directly appeal his sentence, subject to the specifically listed exceptions, none of which apply here. The United States has not appealed the sentence, and Wilson did not receive a sentence in excess of his Guideline range, let alone the operative statutory máximums of ten years’ imprisonment for a violation of 18 U.S.C. § 3147 and thirty years’ imprisonment for each drug violation involving less than 500 grams of cocaine under 18 U.S.C. § 841(b)(1)(C).[4]
Wilson does not bother to challenge the validity of his waiver, and nothing in the record suggests that he agreed to it unknowingly or involuntarily. See United States v. Khattak, 273 F.3d 557, 562 (3d Cir.2001) (waivers of appeal are valid as long as they are knowing and voluntary). Nor does Wilson argue that his case constitutes the sort of “unusual circumstance where an error amounting to a miscarriage of justice may invalidate a waiver.” Id. Such a contention would be folly. Wilson suffered no injustice from the imposition of a sentence below his Guidelines range and decades short of the operative statutory máximums.
Because the appellate waiver provision in Wilson’s plea agreement is valid and controlling, we do not reach the merits of his appeal.[5]
III. Conclusion
For the foregoing reasons, we will affirm the District Court’s judgment of conviction and sentence.

. Specifically, Wilson pled guilty to conspiracy to distribute and possess with intent to dislribute no less than 400 grams and no more than 500 grams of cocaine.

. Section 3147 mandates that the sentence imposed for committing an offense while on release run consecutively to any other sentence of imprisonment. 18 U.S.C. § 3147.

. The District Court had jurisdiction over this matter pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291.

. The statutory maximum under § 841(b)(1)(C) is thirty years, and not twenty years, in Wilson’s case because he has previously been convicted of a felony drug offense.

. Wilson argues, for the first time in his reply brief and without citing any supporting authority, that we may review his sentence despite the appellate waiver because the District Court miscalculated his Guidelines range by failing to grant him a downward minor-role adjustment. Even if we were to agree that the District Court’s calculation was reviewable in the face of an appellate waiver, and even if we concluded that such an adjustment were warranted, Wilson could not escape his appellate waiver. He would be entitled to a two-level reduction, which would lower his offense level to 24 and his Guidelines range to 57-71 months. See U.S.S.G. § 3B1.2; U.S.S.G. Sentencing Table, Ch. 5, Pt. A. The sixty-five-month sentence that Wilson received does not exceed even the adjusted range.