**DLD-097 and DLD-098**                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 11-4426 & 11-4446
_____

UNITED STATES OF AMERICA

v.

ROGER WILSON,
                          Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. Nos. 06-cr-00316-004 & 07-cr-00101)
District Judge:  Honorable Gustave Diamond

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 26, 2012

Before:  AMBRO, JORDAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: February 3, 2012)

_____

OPINION
_____

PER CURIAM

        Roger Wilson appeals from orders that the District Court entered in his two

criminal proceedings.  We will affirm.

        Wilson was indicted on multiple drug charges in 2006.  (W.D. Pa. Crim. No. 06-

cr-00316-004.)  While free on bond, he continued to engage in drug-related activity and was indicted on another charge of cocaine possession.  (W.D. Pa. Crim. No. 07-cr-00101.)  He ultimately pleaded guilty to one charge in his 2006 criminal action and the possession charged in his 2007 criminal action.  In doing so, he waived his right to appeal or collaterally challenge his convictions or sentences except in limited circumstances not relevant here.  The District Court sentenced him to concurrent terms of sixty months in prison on each charge, together with a five-month term for committing an offense while on release.  Wilson appealed, but we enforced his waiver of appellate rights and affirmed. See United States v. Wilson, 337 F. App'x 155, 156 (3d Cir. 2009).

Wilson later filed a motion attacking his convictions under 28 U.S.C. § 2255.  The District Court denied that motion on the basis of Wilson's collateral challenge waiver, and we denied a certificate of appealability on the ground that his underlying claims, including a speedy trial claim, lacked arguable merit.  (C.A. No. 11-2598, Aug. 5, 2011.)

Beginning before our disposition of that appeal and continuing thereafter, Wilson filed in the District Court some twenty motions and other documents, most of which bore and were docketed under both criminal action numbers.  These filings display varying levels of coherence, but they can be read to request immediate release from prison on bail, immediate supervised release, an "acquittal" on the same grounds he asserted in his § 2255 motion, and appointment of counsel for unspecified purposes.[1]  The District Court

_____

[1] The filings also contain requests and assertions that state no conceivable basis for relief, such as a request to "press charges" with the United Nations against various judges and

dismissed Wilson's initial three batches of motions for lack of jurisdiction pending the completion of his § 2255 appeal. (Dist. Ct. Orders of Aug. 3, 2011, Aug. 15, 2011, and Aug. 30, 2011.) After the third of these orders, Wilson filed a motion to re-file his previous motions in light of the conclusion of his § 2255 appeal.

The District Court denied that motion by order entered October 26, 2011, on the ground that the underlying motions lack merit. The District Court explained that Wilson (1) is not entitled to post-conviction counsel generally, (2) is not eligible for bail because his sentencing and direct appeal had concluded, (3) is not entitled to file a successive § 2255 motion raising claims that both it and this Court already had rejected, (4) is barred from seeking relief by his waiver of collateral challenge rights, and (5) is not entitled to supervised release because he had not yet served his prison term.[2]

Wilson continued to file similar motions, and the District Court ultimately entered the orders at issue here on December 5, 2011. In the 2006 action, the District Court construed the most recent of Wilson's motions as a motion for reconsideration of its October 26 order and denied it. In the 2007 action, the District Court construed Wilson's most recent motion as a motion for appointment of counsel and denied that motion as well. Wilson appeals.

---

District Attorneys for "slavery," assertions that an airline carrier has stolen money from him, and references to various inventions that he would like to patent.

[2] The Bureau of Prisons inmate locater indicates that Wilson was later released from prison on December 1, 2011, and a letter motion that he has filed with this Court

Wilson's notice of appeal states only that he wants to appeal his "seventy day motion" and the denial of appointment of counsel. Wilson's reference to the "seventy day motion" presumably relates to the speedy trial issue (see 18 U.S.C. § 3161(c)(1)) that he raised in his § 2255 motion, which this Court already has decided does not present a reasonably debatable constitutional issue. In any event, even liberally construing Wilson's notice of appeal as bringing up for review all of his previous motions, there is no basis to disturb the District Court's rulings. To the extent that Wilson's motions might be characterized as § 2255 motions, the District Court properly concluded that Wilson's prior § 2255 motion and our disposition of his appeal therefrom precluded it from considering the motion (and, to the extent a certificate of appealability might be required for him to appeal that ruling, we deny one for the reasons explained in C.A. No. 11-2598). We have carefully reviewed Wilson's many filings, as did the District Court, and we perceive no basis for the District Court to have granted Wilson any relief and thus no basis to disturb the orders from which he appeals. In addition, Wilson's release from prison has rendered many of his requests moot.

For these reasons, we will affirm. Wilson's letter motion in C.A. No. 11-4446, which contains a now-moot request relating to his desire to travel on January 21, 2012, is denied.

indicates that he is currently on supervised release. These events render many of his motions moot.