**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 12-1881

———————

UNITED STATES OF AMERICA

v.

ROGER WILSON,
                          Appellant

———————

APPEAL FROM THE UNITED STATES DISTRICT
COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 06-cr-00316-004 and 2-07-cr-00101-001)
District Judge:  Honorable Gustave Diamond

———————

Submitted Under Third Circuit LAR 34.1(a)
January 18, 2013

———————

Before: SMITH, CHAGARES and BARRY, <u>Circuit Judges</u>

(Opinion Filed:  February 14, 2013)

———————

Roger Wilson
Pro Se
1823 Federal Street
McKeesport, PA 15132

*Pro Se Appellant*

Rebecca R. Haywood, Esq.
Michael L. Ivory, Esq.

Office of United States Attorney
700 Grant Street
Suite 4000
Pittsburgh, PA 15219-0000

*Counsel for Appellee*

_____

OPINION OF THE COURT
_____

BARRY, *Circuit Judge*

Roger Wilson appeals from an order modifying the conditions of his supervised release to require that he undergo a mental health assessment and, if necessary, participate in an approved mental health treatment program. This case requires us to decide whether Wilson's waiver of appeal bars his appeal of an order modifying the terms and conditions of supervised release. We conclude that it does not and, therefore, will affirm.

## I. Background

Wilson pleaded guilty to two drug charges. The plea agreement included a waiver of his right to appeal or collaterally challenge his conviction and sentence except in the event that the government appealed, the sentence exceeded the applicable statutory limits set forth in the United States Code, or the sentence unreasonably exceeded the sentencing guideline range determined by the District Court.

On January 8, 2008, Wilson was sentenced to sixty-five months' imprisonment to be followed by six years of supervised release. He appealed, but we found his appellate waiver valid and found, as well, that the issues raised on appeal were within the scope of the waiver. We, thus, enforced the waiver and affirmed the judgment of sentence. *United States v. Wilson*, 337 F. App'x 155, 156 (3d Cir. 2009). On December 1, 2011, Wilson was released from

2

prison and commenced his term of supervised release.[1] Three months later, his Probation Officer filed an application to modify the terms and conditions of his supervised release to include participation in a mental health program. The District Court held a hearing at which Wilson's Probation Officer testified about a number of bizarre incidents which raised concerns as to Wilson's mental state, and about his grandiose ideas and acts of unconventional behavior. Wilson also testified, and, in the process, did little or nothing to help himself. On March 14, 2012, the Court ordered that Wilson's conditions of supervised release be modified to add the condition that he undergo a mental health assessment and, if necessary, participate in an approved mental health treatment program. Wilson timely appealed.

## II. Jurisdiction & Standard of Review

The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). "Where, as here, the government invokes an appellate-waiver provision contained in a defendant's plea agreement, we must determine as a threshold matter whether the appellate waiver prevents us from exercising our jurisdiction to review the merits of the defendant's appeal." *United States v. Corso*, 549 F.3d 921, 926 (3d Cir. 2008) (citing *United States v. Goodson,* 544 F.3d 529, 533–37 (3d Cir. 2008)). The validity and scope of an appellate waiver involves a question of law and is, therefore, reviewed de novo. *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001). Should we exercise jurisdiction over the merits of the appeal, we "review challenges to the imposition of a special condition of supervised release, as well as a district court's decision to modify the terms of release, for abuse of discretion." *United States v. Murray*, 692 F.3d 273, 278 (3d Cir. 2012) (quoting *United States v. Smith*, 445 F.3d 713, 716

---

[1] Wilson was initially released in May of 2011 to Renewal Center, a community confinement center. However, after threatening staff members and violating several of Renewal's rules, Wilson was returned to prison.

(3d Cir. 2006)).

## III.  Analysis

### A. Appellate Waiver

Before reaching the merits, we must decide whether the appellate waiver before us bars this appeal.  We will enforce an appellate waiver and decline to review the merits of an appeal "where 'we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice.'" *United States v. Dahmen*, 675 F.3d 244, 249 (3d Cir. 2012) (citing *Corso,* 549 F.3d at 927).

The government correctly observes that the word "sentence" in a broad appellate waiver such as that now before us includes the terms and conditions of supervised release and, therefore, bars appeals challenging those terms and conditions.  *See, e.g., Goodson*, 544 F.3d at 538 ("[T]he duration, as well as the conditions of supervised release are components of a sentence.  By waiving his right to take a direct appeal of his sentence, [the defendant] waived his right to challenge the conditions of his supervised release, which were by definition part of his sentence.").  But Wilson's appeal does not challenge the initial terms and conditions of supervised release imposed at sentencing.  Rather, Wilson's appeal challenges a post-sentencing order modifying those terms and conditions.

The government argues that under the principles of res judicata, we must decline to reach the merits of the instant appeal.  We reject that argument.  To do as the government argues would require us to enforce an appellate waiver as to an issue we have not yet determined falls within the scope of the waiver.  To be sure, our prior holding that the waiver was valid, i.e., that it was made knowingly and voluntarily, is given preclusive effect.  We must still, however, decide

whether the scope of that valid waiver encompasses the merits of the appeal now before us such that Wilson can or cannot appeal from the order that modified the conditions of his supervised release.

We have not spoken on this issue, but the Courts of Appeals for the Tenth and Eleventh Circuits have held that an appeal from an order modifying conditions of supervised release[2] under 18 U.S.C. § 3583(e)(2) falls outside the scope of a broad appellate waiver and, therefore, is not barred. *See United States v. Lonjose*, 663 F.3d 1292, 1302 (10th Cir. 2011); *United States v. Carruth*, 528 F.3d 845, 846 (11th Cir. 2008) (per curiam); *cf. Lonjose*, 663 F.3d at 1301–02 (citing analogous cases from the Fifth, Sixth, Seventh, Eighth, Ninth, Tenth, and Eleventh Circuits holding that a general waiver of a defendant's appellate rights does not encompass a later appeal of an order modifying the term of imprisonment under 18 U.S.C. § 3582).

We are persuaded by the reasoning of our sister circuits. A defendant would not reasonably contemplate that a broad, general waiver of appellate rights with respect to the judgment of sentence would foreclose appeals of later-imposed conditions of supervised release. *See Lonjose*, 663 F.3d at 1298 (differentiating the right to directly appeal the sentence memorialized in the judgment and commitment order, inclusive of the original term of imprisonment and terms and conditions of supervised release, from the separate and distinct right to appeal a subsequent modification of the terms of imprisonment or supervised release that could be

---

[2] This appeal involves a modification sought by the government, not the defendant. Courts have held that an appeal from a denial of a *defendant's* motion under 18 U.S.C. § 3583(e)(2) to modify the terms of supervised release imposed as part of the original sentence falls within the scope of the defendant's appellate waiver. *See, e.g., United States v. Scallon*, 683 F.3d 680, 681 (5th Cir. 2012). Holding otherwise would permit an end run around the waiver.

5

imposed months, if not years, later). It might well be different, of course, were a waiver to use more specific language, i.e., language specifically addressing a defendant's right to appeal modifications of his sentence or the terms and conditions of his supervised release. *Id.* at 1300 n.9 (citing cases involving "[m]ore comprehensive, detailed, and unambiguous appellate waivers [that] have been held to preclude appeals of sentence modifications"); *Carruth*, 528 F.3d at 846 ("There was no specific language in the original plea waiver indicating that Carruth's willingness to waive his right to appeal from a sentence entered in accordance with the original plea was also a waiver of his right to appeal from his future supervised release revocation.").

Wilson's appellate waiver can reasonably be understood to encompass, as relevant here, only a waiver of his right to appeal his "sentence," that is, what was imposed at sentencing and memorialized in the judgment and commitment order. *See Lonjose*, 663 F.3d at 1300. Wilson did not explicitly waive a right to appeal a later modification of his "sentence" and such a waiver cannot be presumed or inferred. Accordingly, we hold that this appeal falls outside the scope of, and is, therefore, not barred by, the waiver.

## B. The Modification Order

Proceeding to the merits of the appeal, we review for abuse of discretion the District Court's order modifying the conditions of Wilson's supervised release to require him to undergo a mental health evaluation and receive mental health treatment, if necessary. *United States v. Jackson*, 523 F.3d 234, 241 (3d Cir. 2008). District courts possess broad discretionary authority to modify the terms and conditions of a defendant's supervised release and, accordingly, modifications are reviewed only for reasonableness. Pursuant to 18 U.S.C. § 3583(e)(2), "a court may, after considering the factors set forth in 18 U.S.C. § 3553(a), modify, reduce, or enlarge the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release." *Murray*, 692 F.3d at 278. The § 3553(a) factors include the nature and circumstances of the offense, the

6

history and characteristics of the defendant, the need for adequate deterrence, the defendant's medical needs, and the protection of the public. In accordance with Federal Rule of Criminal Procedure 32.1(c), a district court must afford the defendant a hearing, unless the defendant waives this right or the modification is favorable to the defendant and is not met with objection by the government. Fed. R. Crim. P. 32.1(c). We also "requir[e] that district courts explain and justify conditions of supervised release." *United States v. Miller*, 594 F.3d 172, 184 (3d Cir. 2010).

Wilson's one-page pro se brief merely states that the order of the District Court "has to be dismissed according to the U.S. Constitution," without stating why. We see utterly no reason to do so. Wilson received a full and fair hearing in accordance with Rule 32.1,[3] and meaningful consideration was given by the Court to the § 3553(a) factors. The Court concluded that a mental health evaluation and, if necessary, mental health treatment, were necessary to protect the public against possible harm; "at the very least there [are] reasonable grounds to believe that [Wilson] may not be in complete touch with reality, certainly to the extent that he may possibly commit additional crimes or, perhaps, be a danger to himself or others in the community." App. at 84.

## IV. Conclusion

The District Court did not abuse its discretion in ordering a modification of the conditions of Wilson's supervised release. Accordingly, we will affirm.

---

[3] We note that the order "requiring Wilson undergo a mental health assessment and, if necessary, participate in a mental health treatment program approved by the probation officer until such time as defendant is released from the program by the Court" is not an impermissible delegation of judicial authority to the United States Probation Office. *See United States v. Heckman*, 592 F.3d 400, 409 (3d Cir. 2010).