GLD-212                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4561
_____

UNITED STATES OF AMERICA

v.

DWAYNE MICHAEL CARTER,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 07-cr-00110-002)
District Judge:  Honorable Gary L. Lancaster
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 25, 2013

Before:  FUENTES, FISHER and GREENBERG, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  April 30, 2013)
_____

OPINION
_____

PER CURIAM

        In 2010, Dwayne Michael Carter pled guilty in the District Court to one count of

possession with intent to distribute less than 500 grams of cocaine and one count of

possession with intent to distribute less than 100 kilograms of marijuana, in violation of

21 U.S.C. §§ 841(a)(1) and (b)(1)(C), as well as one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i). Carter was sentenced to a sixty-six month aggregate term of imprisonment followed by five years of supervised release. In October 2012, Carter filed a motion under to reduce the term of supervised release. The District Court denied Carter's motion without discussion, and he appeals.[1]

Title 18 United States Code Section 3583 grants authority to courts to include terms of supervised release when sentencing criminal defendants. 18 U.S.C. § 3583(a). Section 3583(e) provides that a court may revoke, extend, terminate, or modify such a term of supervised release. Id. § 3583(e)(1)-(4). More specifically, and relevant here § 3583(e)(1) permits a court to reduce the term of a defendant's supervised release after that defendant has completed one year of his or her supervised release. Id. § 3583(e)(1). Section 3583(e)(2) also permits courts to "extend a term of supervised release . . . at any time prior to the expiration or termination of the term of supervised release." Id. § 3583(e)(2). Thus, courts are permitted to reduce terms of supervised release only under the circumstances set forth in § 3583(e)(1). Because Carter is still incarcerated and has not completed one year of his supervised release, his motion was premature.[2] Carter's

---

[1] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

[2] We take no position as to whether any motion to reduce the term of supervised release filed after Carter has served one year of supervised release would falls within the scope of any appellate waiver included in his plea. See United States v. Wilson, 707 F.3d 412, 415 n.2 (3d Cir. 2013).

2

arguments regarding § 3583(e)(2) are without merit; although that provision also permits courts to modify the *conditions* of supervised release at any time, it permits only extensions of the *terms* of supervised release, and Carter seeks a reduction. Because Carter was ineligible for relief under 18 U.S.C. § 3583(e) at the time he filed his motion, the District Court correctly denied it. This appeal presents no substantial question, and we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.