**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-4551
_____

UNITED STATES OF AMERICA

v.

LARRY LEE WALTERS,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 1-07-cr-00285-001)
District Judge: Honorable John E. Jones, III

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
July 7, 2014

Before: SMITH, VANASKIE, and SHWARTZ, *Circuit Judges*

(Filed: September 9, 2014)
_____

OPINION
_____

VANASKIE, *Circuit Judge.*

Larry Lee Walters appeals the sentence he received upon the revocation of his

supervised release. He contends that the sentence of 18 months' imprisonment and one

year of supervised release is both substantively and procedurally unreasonable. For the

reasons stated below, we will affirm the judgment of the District Court.

I.

Because we write primarily for the parties, who are familiar with the background of this case, we set forth only those facts necessary to our analysis.

On January 17, 2008, Walters pleaded guilty to one count of unlawful possession of a firearm after having been convicted of a misdemeanor domestic violence offense, in violation of 18 U.S.C. § 922(g)(9). Based on a criminal history category of III and an offense level of 26, Walters faced an advisory guidelines range of 78 to 97 months' imprisonment. On January 26, 2009, Judge Jones sentenced him to a prison term of 48 months, to be followed by 3 years of supervised release.

Walters's term of supervised release commenced on December 7, 2010. Nearly 3 weeks later, on December 27, 2010, Walters was involved in an automobile accident that required surgery to repair his broken wrist and femur. Following the surgeries, Walters underwent physical rehabilitation at the Manor at Perry Village ("Perry Village").

On January 27, 2011, the director of Perry Village called the United States Probation Office and reported that Walters had been making inappropriate sexual comments to female employees, and that Walters physically threatened his roommate. After unsuccessfully attempting to transfer Walters to a different facility, Walters's probation officer instructed him to refrain from making threatening or inappropriate remarks to any Perry Village resident or staff member. Walters complied with these instructions until his discharge from Perry Village on March 1, 2011.

But on March 31, 2011, the director of Perry Village again contacted Walters's probation officer, this time to report that, following his discharge, Walters sent multiple packages containing inappropriate items to Perry Village staff members. Later that day, the probation officer discussed the incident with Walters, and instructed Walters to have no contact, direct or indirect, with Perry Village staff members. Walters informed his probation officer that he understood the instructions, and that he would comply.

Then, the very next day, Walters sent a letter to a Perry Village staff member indicating that she should check the oil level in her car, and stating that she should "grow up," and apologize. (App. 21.) When Walters's probation officer spoke to him about the letter, Walters admitted to sending it on April 1, 2011 despite having understood the probation officer's instructions the day before. On April 14, 2011, the District Court entered an order modifying the terms of Walters's supervised release to explicitly prohibit Walters from having any contact with Perry Village staff members.[1]

On January 2, 2013, Walters was arrested on state charges of stalking and harassment by communication. The charges arose after a member of Walters's hiking club reported that Walters had repeatedly made inappropriate remarks to her and other female members of the club. The victim also informed police that, notwithstanding

---

[1] In the petition seeking a modification of the terms of Walters's supervised release, Walters's probation officer noted that although "the [District] Court could proceed with revocation action for disobeying the instructions of the probation officer . . . the probation officer recommends that the Court allow Mr. Walters to continue under supervision, with the condition that he have no further contact with staff at Perry Village . . . in any form, directly or indirectly." (App. 21.)

3

repeated requests by both her and her attorney that Walters not contact her, Walters mailed the victim packages containing inappropriate materials, some of which the victim perceived as threatening. As a result of the state charges, a federal arrest warrant was issued for Walters, alleging that he had violated a term of his supervised release that he not break any federal, state, or local laws.

Walters's initial appearance for violating the terms of his supervised release took place before Magistrate Judge Schwab on June 26, 2013. A supervised release revocation hearing was scheduled for July 2, 2013, but on that date, Judge Jones granted Walters's unopposed motion to continue the revocation proceedings pending a resolution of Walters's state court charges.

Walters thereafter proceeded to a jury trial in state court. The jury convicted him of harassment, but could not reach a verdict on the stalking charge. Because harassment is a Grade C felony and Walters's original criminal history category was III, Walters's advisory guidelines range for revocation of supervised release was 5 to 11 months' imprisonment. *See* U.S.S.G. § 7B1.4(a). The District Court held a revocation hearing on November 15, 2013. At the hearing, Judge Jones revoked Walters's supervised release, and imposed an 18 month term of imprisonment, to be followed by a one year term of supervised release. This appeal followed.

II.

Walters contends that his sentence is procedurally unreasonable because the District Court failed to consider his mental health problems. He also asserts that the

District Court's failure to adequately explain its reasons for varying upward renders the sentence substantively unreasonable. Walters did not raise an objection on these bases in the District Court. Because Walters was sentenced before our recent en banc decision in *United States v. Flores-Mejia*, No. 12-3149, 2014 WL 3450938, at \*2 (3d Cir. July 16, 2014), holding prospectively that a defendant's failure to raise an objection to the district court's purported failure to give meaningful consideration to a particular matter waives that objection, we review Walters's challenge to the procedural reasonableness of his sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). We apply the same standard to review Walters's claim that his sentence is substantively unreasonable. *Gall v. United States*, 552 U.S. 38, 51 (2007).

When imposing a sentence in connection with a revocation of supervised release, a district court must consider the sentencing range under U.S.S.G. § 7B1.4(a) (providing the "range of imprisonment applicable upon revocation"), and "state on the record its *general* reasons under section 3553(a) for . . . imposing a more stringent sentence."[2] *United States v. Blackston*, 940 F.2d 877, 894 (3d Cir. 1991) (emphasis in original) (noting that we will not disturb a sentence imposed for a violation of supervised release unless it is "plainly unreasonable"). "[T]here is no requirement that the district court

---

[2] "The § 3553(a) factors include the nature and circumstances of the offense, the history and characteristics of the defendant, the need for adequate deterrence, the defendant's medical needs, and the protection of the public." *United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).

make specific findings with respect to each of the section 3553(a) factors that it considered." *Id.* at 893–94.

Although Walters asserts that the District Court overlooked his mental health history, a review of the record shows that, as Judge Jones explained during the revocation hearing, the District Court was "well familiar with [] Walters's history having sentenced him [in 2009]." (App. 64.) Prior to sentencing Walters on his underlying conviction, the District Court granted Walters's request for a psychological evaluation, the results of which were provided to the District Court. Moreover, Walters's Presentence Investigation Report contained a detailed overview of his mental health history. We are therefore satisfied that the District Court was aware of and sufficiently considered Walters's mental health history, and we reject Walters's argument that his sentence is procedurally unreasonable.

We are also not persuaded by Walters's contention that his sentence is substantively unreasonable. Contrary to Walters's contention, the District Court did articulate its bases for varying upward from Walters's advisory guidelines range. The Court explicitly acknowledged the sentencing range suggested under U.S.S.G. § 7B1.4(a), and stated that it had considered the § 3553(a) factors. And the District Court reasonably determined that an upward variance was necessary as a result of the "enormously troubling facts" underlying Walters's violation of the terms of supervised release, and because of the Court's warranted "grave[] concern[] about [Walters's] ability to obey the law . . . particularly in terms of his interactions with individuals." (App. 65.)

6

## III.

For the foregoing reasons, we will affirm the District Court's judgment.