**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1558
_____

UNITED STATES OF AMERICA

v.

STUART CHAMBERS
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. No. 2-10-cr-00774-001)
District Judge: Hon. Paul S. Diamond
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
March 23, 2016
_____

Before: GREENAWAY, JR., SHWARTZ, and RENDELL, Circuit Judges.
(Filed: April 4, 2016)

_____

OPINION*
_____

SHWARTZ, Circuit Judge.

---

&ast; This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

Stuart Chambers seeks review of his sentence for conspiracy and bank fraud, arguing that the District Court erroneously denied him a reduction for acceptance of responsibility under U.S.S.G. § 3E1.1 because, when combined with an unchallenged enhancement for obstruction of justice under § 3C1.1, he received an improper "double penalty." Appellant's Br. 13. Chambers, however, knowingly and voluntarily waived his appellate rights, and for the reasons that follow, we will affirm.

I

While on supervised release for a 2002 drug conviction, Chambers participated in a scheme to pass fraudulent checks at local banks. As a result, in 2010, Chambers was charged with conspiracy to commit bank fraud and three counts of bank fraud (collectively "the 2010 bank fraud charges"). In addition, Chambers was charged with having violated the conditions of supervised release imposed in connection with his 2002 conviction.

Chambers agreed to plead guilty to the 2010 bank fraud charges in exchange for certain benefits, including the Government's recommendation that he be granted a reduction for acceptance of responsibility under § 3E1.1. Chambers also agreed to "voluntarily and expressly waive[] all rights to appeal or collaterally attack [his] conviction, sentence, or any other matter relating to this prosecution," unless the Government appealed the sentence, the sentence exceeded the statutory maximum for any count, or the sentencing judge "erroneously departed upward" under the Guidelines or "imposed an unreasonable sentence above the final Sentencing Guideline range

2

determined by the Court."[1] Suppl. App. 17-18. During his 2011 plea hearing, the Government described the waiver when summarizing the plea agreement, and the District Court twice asked Chambers if he understood this waiver and he indicated that he did. The District Court found that Chambers understood all of his rights, including his appellate rights, and knowingly and voluntarily waived them, and accepted the guilty plea.

Chambers failed to appear at his sentencing and fled to New York. While in New York, Chambers was arrested for cocaine possession, convicted, and sentenced to two years' imprisonment. After completing his New York prison term, he was returned to federal custody to face sentencing on the 2010 bank fraud and supervised release charges.

The District Court held a sentencing hearing on both the 2010 bank fraud charges and the supervised release violation. The District Court first sentenced him to twenty-four months' imprisonment on the violation of supervised release, without objection. Turning to the bank fraud charges, the District Court considered the sole contested issue, namely whether Chambers was entitled to a reduction for acceptance of responsibility. The District Court overruled Chambers's objection, holding that his was not "the kind of extraordinary case" in which both obstruction of justice and acceptance of responsibility applied. App. 31. Finding Chambers to be a "one-man crime wave," the District Court sentenced him to, among other things, the statutory maximum of sixty months' imprisonment on the bank fraud conspiracy charge, to be served concurrently with a top

---

[1] In the Acknowledgment of Rights form submitted in connection with his guilty plea, Chambers also indicated he understood that he waived his right to appeal.

of the Guidelines range sentence of seventy-one months' imprisonment on the remaining bank fraud charges. App. 41. The District Court further ordered that the sentence on the 2010 bank fraud charges would be served consecutively to the twenty-four month sentence imposed for the violation of supervised release. After announcing its sentence, the District Court explicitly reminded Chambers of his right to appeal, but noted that it "may be affected by the terms of [his] plea agreement." App. 49. Chambers appeals.

II[2]

Chambers appeals only the District Court's denial of a reduction for acceptance of responsibility. However, because Chambers waived his right to appeal the Guidelines sentence imposed by the District Court, we need not reach this issue.

We will enforce an appellate waiver if we conclude that (1) the issue raised on appeal is within the scope of the waiver; (2) the waiver was knowing and voluntary; and (3) enforcing the waiver would not work a miscarriage of justice. See United States v. Grimes, 739 F.3d 125, 128-29 (3d Cir. 2014); United States v. Castro, 704 F.3d 125, 136 (3d Cir. 2013) (courts should decline enforcement due to a miscarriage of justice "sparingly and without undue generosity" (quotation marks and citation omitted)).[3] We will consider each factor in turn.

There is no dispute that Chambers's arguments on appeal are within the scope of the appellate waiver and do not fall within its exceptions. The appellate waiver here

---

[2] The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. We have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

[3] The validity and scope of an appellate waiver is reviewed de novo. See United States v. Wilson, 707 F.3d 412, 414 (3d Cir. 2013).

4

contains limited exceptions under which Chambers may file an appeal, namely when the Government appeals, or when the court imposes a sentence above the statutory maximum, erroneously upwardly departs, or imposes an unreasonable sentence above the final Guidelines range.  None of the exceptions are present in this case.  Since the Guidelines issue here does not fall within the categories excluded from the waiver, it falls within its scope.

The record also shows Chambers knowingly and voluntarily waived his appellate rights.  To hold that an appellate waiver was "knowing" and "voluntary," this Court must be "satisfied that the district court 'inform[ed] the defendant of, and determine[d] that the defendant underst[ood] . . . the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.'"  United States v. Mabry, 536 F.3d 231, 239 (3d Cir. 2008) (alterations in original) (quoting Fed. R. Crim. P. 11(b)(1)(N)).  The written plea agreement, acknowledgment of rights, and hearing transcript all show Chambers was on notice of the waiver.  Furthermore, the plea hearing transcript "countermands any suggestion that the waiver was not" knowingly entered.  Id. at 238.  The District Court engaged in a thorough and detailed plea colloquy with Chambers before accepting the guilty plea, which included an oral recitation and explanation of the waiver, and specific questions about whether Chambers and his counsel reviewed the agreement and whether Chambers fully understood the nature of the appellate rights being waived.  Chambers told the District Court he understood the waiver and the District Court found he understood his rights.  Accordingly, we conclude that the waiver was knowing and voluntary.

Finally, enforcing Chambers's appellate waiver would not result in a miscarriage of justice. In determining whether the enforcement of a waiver works a miscarriage of justice, we assess the clarity of any error, its gravity and character, the impact of the error on the defendant, the impact of correcting the error, and the defendant's acquiescence in the result. See id. at 242-43 (citing United States v. Teeter, 257 F.3d 14, 25-26 (1st Cir. 2001)).

We discern no error in the District Court's application of the Sentencing Guidelines, let alone the kind of error that amounts to a miscarriage of justice. Even if the District Court committed an error, claims relating to Sentencing Guideline calculations are exactly the type of arguments to which a broad appellate waiver applies. See Castro, 704 F.3d at 141-42 ("[A] district court's arguably erroneous calculation of a guidelines range 'is precisely the kind of "garden variety" claim of error contemplated by an appellate waiver.'" (citations and alterations omitted)); see also United States v. Price, 558 F.3d 270, 284 (3d Cir. 2009) (written waiver precluded challenge to the Government's refusal to request a reduction for acceptance of responsibility). Chambers raises only this type of claim, disagreeing with the District Court's decision not to grant him a reduction under § 3E1.1 because he contends it resulted in double punishment. Under our caselaw, it is the type of issue to which the waiver applies. Moreover, his contention about double punishment has been specifically rejected by the Sentencing

Guidelines.[4]  See U.S.S.G. § 3E1.1 cmt. n.4.  Therefore, enforcing the waiver here is not a miscarriage of justice.

Because Chambers knowingly and voluntarily entered into his appellate waiver, and enforcement of the waiver would not amount to a miscarriage of justice, the appellate waiver bars Chambers from seeking a ruling on the merits of his appeal.  Thus, we will enforce the waiver and affirm the sentence.

III

For the foregoing reasons, we will affirm the judgment of sentence.

---

[4] Chambers wisely does not contest the applicability of the obstruction of justice enhancement as it clearly applies given his flight before sentencing.  U.S.S.G. § 3C1.1 cmt. n.4(E) (identifying "willful[] fail[ure] to appear . . . for a judicial proceeding" as an example of conduct warranting the enhancement).  Ordinarily, "[c]onduct resulting in an enhancement under § 3C1.1 . . . indicates that the defendant has not accepted responsibility for his criminal conduct," though application of both sections may be warranted in "extraordinary cases."  U.S.S.G. § 3E1.1 cmt. n.4.  Although we decline to reach the acceptance of responsibility issue, we note that even if we were to review it, we would see no clear error in declining to deem Chambers's circumstances to present an extraordinary case where a court could grant a § 3E1.1 reduction to a defendant who received a § 3C1.1 enhancement.

7