ALD-005                                                       **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2003
_____

UNITED STATES OF AMERICA

v.

SHAUN ROSIERE,
                                                  Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Crim. Nos. 1-08-cr-00629-005 & 1-09-cr-00720-001)
District Judge: Jerome B. Simandle

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
October 5, 2017

Before: MCKEE, VANASKIE, and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 13, 2017)
_____

OPINION*
_____

PER CURIAM

     Shaun Rosiere appeals from an order of the District Court denying his three

motions challenging the conditions of his supervised release and seeking a modification

of those conditions.  For the reasons that follow, we will summarily affirm.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Rosiere pleaded guilty to two counts of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. §§ 1341, 1343 and 1349, in the United States District Court for the District of New Jersey. He was sentenced to two concurrent terms of imprisonment of 73 months. The United States District Judge who sentenced him imposed a term of three years of supervised release on both counts, also to run concurrently. Rosiere has been ordered to make restitution in the amount of $1,260,000. Rosiere did not directly appeal his sentence, but he did file a motion to vacate sentence, 28 U.S.C. § 2255, claiming ineffective assistance of counsel and that the Government's alleged failure to disclose exculpatory evidence prior to his plea invalidated it. The District Court denied relief, see Rosiere v. United States, 2012 WL 4463876 (D.N.J. Sept. 25, 2012).[1] We then denied Rosiere's request for a certificate of appealability, see C.A. No. 12-3858.

Rosiere was released from confinement on or about November 18, 2015 and is currently serving his three-year term of supervised release in Las Vegas, Nevada. He is being supervised by the Probation Office for the U.S. District Court for the District of Nevada. In May, 2016, Rosiere filed three motions in the sentencing court, challenging the conditions of his supervised release and seeking a modification of those conditions. Specifically, in one motion, Rosiere asked the District Court to sentence him to a reentry facility. He requested that, instead of being made to "endure" another 2½ years of

---

[1] In denying § 2255 relief, the District Court noted that Rosiere had "admitted to conspiring to defraud financial institutions and their account holders by fraudulently depositing into various corporate bank accounts checks purportedly received from customers of telemarketer businesses and withdrawing those funds from the victim banks knowing the checks were not obtained from consenting telemarketing customers [and] opening corporate bank accounts and incorporating numerous corporations in order to deposit funds derived from the scheme." Id. at *2.

supervised release, he be permitted to serve an additional 120 days in a federal residential center in Las Vegas, after which he would be released outright. He complained that the Probation Office was denying him the opportunity to travel to California to help his mother and his ailing grandfather. In another of the motions, Rosiere sought an order permitting him to travel to visit his family in California at any time. In the last motion, Rosiere sought to reduce the number of times that he could be subjected to random drug testing by the Probation Office.

The District Court sought a response from the Probation Office. After the Probation Office responded, the Court found that the Probation Office had experienced an unacceptable amount of resistance and non-compliance from Rosiere over the course of his supervision. Specific examples of Rosiere's poor attitude included that, at the commencement of his supervised release, he was directed to submit financial statements but he failed to do so in a timely fashion, and when he finally deigned to respond after a five-month delay, he had simply written "Zero" in all sections of the form. In addition, his first travel request was denied when he failed to submit all of the requested information pertaining to it and the Probation Office was unable to contact his mother to verify the information he gave. Rosiere also had failed to obtain employment.

Accordingly, the District Court, in an order entered on April 5, 2017, denied the three motions. Specifically, the Court concluded that Rosiere failed to show that it would be "in the interest of justice" to grant his motions, as required by 18 U.S.C. § 3583(e). The Court reasoned that there was no authority for an individual under supervision to trade a term of supervised release for a shorter term of confinement in a residential

3

facility, that the Probation Office had the discretion to grant or deny travel in appropriate circumstances, that Rosiere had failed to find a job and was not making payments toward restitution, and that Rosiere, if he complied with the Probation Office's demands for information, could resubmit his travel request. Furthermore, the Court concluded that the drug testing required by the Probation Office was not onerous or over-burdensome.

Rosiere appeals. We have jurisdiction under 28 U.S.C. § 1291. Our Clerk advised Rosiere that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6. He was invited to submit a written response and he has done so. In his written response he asserts that he did not receive a copy of the Probation Office's response and that he was not permitted the opportunity to reply to the Probation Office's negative report. He then argues that the Probation Office perpetrated a fraud on the District Court in asserting that his mother lived with him for part of each month, when, in fact, she has visited him only once, for a period of two weeks, in May, 2015. He further asserted that he timely provided a copy of his prescriptions and business plans to the Probation Office, and that his lack of employment was the fault of the Probation Office in not approving his business plans.

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. Motions to amend or modify the conditions of supervised release are governed by 18 U.S.C. § 3583(e), which allows the District Court to terminate supervised release, and by implication to terminate any condition thereof, "at any time after the expiration of one year of supervised release," after considering the factors set forth in 18 U.S.C. § 3553(a),

4

"if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3582(e)(1). Some of the factors that must be considered are: the nature of a defendant's offense and the defendant's history and characteristics; the need for adequate deterrence; the need to protect the public from further crimes of the defendant; the need to provide the defendant with correctional treatment including vocational training or medical care; and the need to provide restitution to the victims of the offense. 18 U.S.C. § 3553(a)(1), (a)(2)(B)-(D), (a)(7). The District Court's discretion whether to modify the terms of supervision is "broad" United States v. Wilson, 707 F.3d 412, 416 (3d Cir. 2013), and, "accordingly, modifications are reviewed only for reasonableness," id.

Rosiere's written response in opposition to summary action does not undermine the reasonableness of the District Court's essential conclusion that he failed to comply with the most basic requirements of supervised release -- getting a job, making restitution payments, and providing financial information to his Probation Officer when directed. Furthermore, he does not specifically challenge the District Court's conclusion that, if he complied with the Probation Office's demands for information, he could resubmit his travel request, and that the drug testing required by the Probation Office was not onerous or over-burdensome. The District Court gave meaningful consideration to each of Rosiere's motions, and, in submitting a written response to summary action on appeal, Rosiere has had his opportunity to reply to the Probations Office's response. Having considered that response, we see no basis for disagreeing with the District Court, and,

5

accordingly, will summarily uphold the Court's conclusion that Rosiere failed to show that it would be "in the interest of justice" to grant his motions, 18 U.S.C. § 3553(e)(1).

For the foregoing reasons, we will summarily affirm the order of the District Court denying Rosiere's three motions challenging the conditions of his supervised release and seeking a modification of those condition.