NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1554
_____

UNITED STATES OF AMERICA

v.

EVAN MATTHEW LAWBAUGH,

Appellant

_____

On Appeal from the United States
District Court for the Middle District of Pennsylvania
(D.C. No. 1-16-cr-00049-001)
District Judge: Hon. Sylvia Rambo
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
on December 16, 2020

Before: GREENAWAY, JR., SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion Filed: January 20, 2021)

_____

OPINION*
_____

_____

  * This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

FUENTES, *Circuit Judge*.

Evan Lawbaugh appeals from the District Court's judgment reentering his originally imposed 40-year sentence. We conclude that this appeal is barred by the waiver provision in Lawbaugh's plea agreement, decline to decide the merits of his claims, and otherwise affirm the District Court's decision.[1]

**I.**

Lawbaugh pled guilty to two counts of sexual exploitation of a child in violation of 18 U.S.C. § 2251(a). Under the terms of his plea agreement, Lawbaugh waived his right to appeal his conviction and sentence.[2] At sentencing, Lawbaugh presented mitigating testimony and other evidence regarding his Asperger's diagnosis. The Government then requested the maximum possible sentence of 100 years' imprisonment. Lawbaugh urged the District Court to instead impose the mandatory minimum of 25 years. The District Court ultimately sentenced Lawbaugh to 40 years in prison followed by a 30-year term of supervised release.

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

[2] The waiver provision states, in relevant part, that "the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005)." App. 25a.

Lawbaugh did not directly appeal his sentence. Instead, he filed a post-conviction motion in the District Court to vacate it on other grounds. Lawbaugh argued that he did not knowingly waive his right to appeal and the waiver was therefore invalid, and that his then-counsel was ineffective for several other reasons. The District Court rejected nearly all of these claims, but concluded that Lawbaugh had been prejudiced by his counsel's failure to file a notice of appeal before the deadline expired. It explained that while the appellate waiver precluded Lawbaugh from appealing his conviction and sentence, there are other appellate rights that cannot be waived. Thus, despite the waiver, counsel should have filed a notice of appeal to preserve review of those unwaivable issues. The District Court granted Lawbaugh's motion in part, solely to provide him with an opportunity to file a notice of appeal, but otherwise reentered the same 40-year sentence.

## II.[3]

### A.

Despite the appellate waiver, Lawbaugh now asks us to vacate his sentence as both procedurally and substantively unreasonable. He argues that the waiver provision does not bar this appeal because he is challenging the *reentered* 40-year sentence, not the original 40-year sentence. Lawbaugh concedes that the waiver bars him from challenging "the

---

[3] "We examine the legality of waiver-of-appeals provisions de novo, as it is a question of law." *United States v. Khattak*, 273 F.3d 557, 560 (3d Cir. 2001).

3

conviction and [original] sentence," but that it "did not contemplate a subsequent ineffective assistance claim that vacated the original sentence and a subsequent entry of another sentence."[4] Thus, according to Lawbaugh, the waiver does not apply.

Lawbaugh admits, however, that the District Court's post-conviction order in no way modified his sentence. That order granted Lawbaugh's motion solely to provide him with an opportunity to file a notice of appeal to preserve review of the unwaivable issues not covered by the waiver provision. Entry of the order required the District Court to temporarily vacate his sentence, but it then, in Lawbaugh's own words, "summarily re-entered the exact same sentence," and "denied all the other issues raised."[5] Though Lawbaugh tries to differentiate the two, it is telling that nearly all of his appellate claims are based on errors the District Court purportedly made during the initial sentencing hearing.[6] Because the "reentered" sentence is identical to the "original" one, we conclude that this appeal is barred by the appellate waiver.[7]

---

[4] Appellant's Reply at 4; *see also* Appellant's Br. at 7 n.4.

[5] Appellant's Br. at 7.

[6] *See, e.g.*, Appellant's Br. at 11 (arguing that the District Court "plainly committed error" because "[a]t the sentencing hearing, after approximately two hours of testimony and argument, the [D]istrict [C]ourt immediately segued into a rote dictation of its sentence without offering any explanation for it.").

[7] Despite his concession that the sentences are identical, Lawbaugh argues in reply that the reentered sentence somehow modified the original. He cites *United States v. Wilson*, 707 F.3d 412, 415-16 (3d Cir. 2013), in which this Court determined that a broad

4

**B.**

Because we conclude that the waiver covers this appeal, we will enforce it unless our doing so would result in a "miscarriage of justice."[8] To determine whether such an injustice would occur, we must look to the merits of Lawbaugh's claims, recognizing that "it will be a rare and unusual situation when claims of an unreasonable sentence, standing alone, will be sufficient to invalidate a waiver because of a miscarriage of justice."[9]

Lawbaugh argues that the District Court made procedural and substantive errors in determining his sentence. Procedurally, he argues that the District Court did not sufficiently state its reasons for imposing the 40-year sentence. Though the District Court

---

waiver does not always preclude a defendant from challenging a future modification to his sentence. But in *Wilson*, the defendant's original sentence was later modified to require participation in a mental-health program as a condition of supervised release that was not initially imposed. *See id.* at 414, 416. *Wilson* does not compel a different result here.

[8] "[W]aivers of appeals are generally permissible if entered into knowingly and voluntarily, unless they work a miscarriage of justice." *Khattak*, 273 F.3d at 558. The "miscarriage of justice" inquiry requires us to consider the "clarity of the error, its gravity, its character . . . the impact of the error on the defendant, the impact of correcting the error on the government, and the extent to which the defendant acquiesced in the result." *Id.* at 563 (quoting *United States v. Teeter*, 257 F.3d 14, 25-26 (1st Cir. 2001)). Substantial evidence supports the conclusion that Lawbaugh understood the terms and scope of the waiver when he voluntarily entered his guilty plea. *See, e.g.,* App. 38a (The Court: "Do you also understand that you have waived a direct appeal? Normally, a defendant is entitled to appeal not only his conviction but his sentence, and you have waived taking an appeal. Do you understand that?" Defendant: "Yes, Your Honor.")

[9] *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008).

heard hours of testimony on Lawbaugh's diagnosis, it did not explicitly reference the details of that testimony on the record. But where the matter before the court is straightforward and the record, as a whole, "makes clear that the sentencing judge considered the evidence and arguments, . . . the law [does not] require[] the judge to write more extensively."[10] Here, the record is clear that the court heard extensive testimony regarding the diagnosis and overruled certain of the Government's objections with respect to the same. Additionally, the District Court stated that it had read Lawbaugh's expert report, which also discussed the diagnosis, prior to sentencing. The District Court was further advised that the Government had no objections to the presentence report, explicitly stated that it had reviewed Lawbaugh's submission with respect to the same, and invited his counsel to expound on it. The record as a whole confirms that the District Court meaningfully considered Lawbaugh's diagnosis in calculating the sentence, even if it did not necessarily say so on the record.

Substantively, Lawbaugh argues that the District Court did not give enough weight to his Asperger's, and so did not properly weigh the sentencing factors set forth in 18

---

[10] *Rita v. United States*, 551 U.S. 338, 359 (2007) ("We acknowledge that the judge might have said more. He might have added explicitly that he had heard and considered the evidence and argument; . . . and that he found [defendant's] personal circumstances here were simply not different enough to warrant a different sentence. But context and the record make clear that this, or similar, reasoning underlies the judge's conclusion.").

U.S.C. § 3553. Again, the record reflects that the District Court meaningfully considered the mitigating evidence that Lawbaugh presented. The District Court then considered the Government's request for a 100-year sentence and Lawbaugh's request for the 25-year mandatory minimum. The District Court ultimately imposed a 40-year sentence, which represents a 60% downward variance from the Government's request. The District Court then concluded on the record that this result was "sufficient but not greater than necessary" based on the crimes committed.[11] Nothing suggests that the District Court ignored Lawbaugh's diagnosis in determining the length of his sentence.

The record does not show that the District Court made any procedural or substantive error in calculating Lawbaugh's sentence. We therefore conclude that there will be no "miscarriage of justice" should the waiver be enforced. As such, we conclude that this appeal is barred by the appellate waiver, decline to consider the merits further, and otherwise affirm the decision of the District Court.

## III.

For the foregoing reasons, the judgment of the District Court will be affirmed.

---

[11] App. 146a.