**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-2470
_____

UNITED STATES OF AMERICA

v.

JOSE ESTRADA,
                    Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal Action No. 2:12-cr-00581)
District Judge:  Honorable John M. Gallagher

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
**December 11, 2024**

Before: SHWARTZ, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: December 12, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

        In 2012, at the age of 65, Jose Estrada was arrested for his participation in a

scheme to transport heroin across the country.  The next year, he pleaded guilty to one

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

count of conspiracy to distribute heroin and one count of attempting to distribute heroin. The District Court imposed a term of imprisonment of 240 months followed by a five-year term of supervised release. Because of an amendment to the Sentencing Guidelines, his term of imprisonment was later reduced to 188 months.

Beginning in 2019, Estrada filed several unsuccessful motions for compassionate release under 18 U.S.C. § 3582(c) citing, inter alia, his age and his several serious health conditions. He renewed his efforts under § 3582(c) to win release following his transfer to a Residential Reentry Center ("RRC"). The District Court initially again denied relief. Estrada filed a timely motion for reconsideration. The Government responded by advocating for the grant of Estrada's motion for reconsideration and by moving under § 3582(c)(1)(A) and U.S.S.G. § 1B1.13 to modify Estrada's term of imprisonment to time served, subject to the previously imposed five-year term of supervised release.[1] The Government requested that the first six months of Estrada's supervised release be served

---

[1] Section 1B1.13 defines "extraordinary and compelling circumstances" that may support a sentence reduction to include the age of the defendant under the following circumstances:

> The defendant (A) is at least 65 years old; (B) is experiencing a serious deterioration in physical or mental health because of the aging process; and (C) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

U.S.S.G. § 1B1.13(b)(2). And it also provides that some medical circumstances of the defendant may also support release, including "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." Id. at § 1B1.13(b)(1)(C).

2

on home detention "to assure Estrada's orderly transition to the community," arguing that "it does not interfere with the purpose of early release, which is to obtain assistance navigating the health care system." ECF No. 324 at 17.

The District Court granted reconsideration and ordered Estrada's "term of imprisonment … reduced to time served." ECF No. 326 at 7. The District Court further "agree[d] with [the Government's] suggestion" that Estrada should remain subject to the previously imposed term of supervised release and that the first six months should be on home detention. Id. Accordingly, the District Court ordered "that [Estrada] shall still serve the previously imposed five-year period of supervised release, with the first six months of supervised release to be served on home detention." Id. at 8. Estrada filed a notice of appeal, challenging the District Court's imposition of the six-month period of home detention without "explain[ing] why such a condition was necessary."[2] ECF No. 327.

We have jurisdiction under 28 U.S.C. §1291.[3] We review the challenged decision for abuse of discretion. See United States v. Wilson, 707 F.3d 412, 414, 416 (3d Cir. 2013).

---

[2] He previously filed a motion to stay the home-detention condition in the District Court's order, which we denied. See 3d Cir. Doc. No. 14.

[3] We do not review any issues that Estrada does not raise, including whether the District Court followed the proper procedure and modified Estrada's sentence in one of the ways permitted under 18 U.S.C. § 3582(b) & (c)(1)(A). See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that the appellant forfeited claims by failing to raise them in the opening brief). In any event, any error relating to the District Court's decision to reduce the term of imprisonment to time served and modify the terms of the supervised release in the original judgment is harmless. The District Court could have instead modified the sentence; imposed a five-

Estrada argues that the District Court erred by imposing the six months of home detention without proper justification and without taking into account his experiences in the RRC or the harm he faces from restrictions on his access to care, Social Security benefits, and essential medications.[4]  District courts must "explain and justify conditions of supervised release" when modifying a sentence.  See id. at 416.  And the District

_____

year term of supervised release, because that term did not exceed the unserved portion of the original term of imprisonment (which included the original five-year term of supervised release, see 18 U.S.C. § 3583(a)); and included a condition of home detention. See 18 U.S.C. § 3582(c)(1)(A).

[4] In presenting his case, Estrada contends, inter alia, that the District Court's imposition of the home detention condition did not meet the statutory requirements of 18 U.S.C. § 3583(d).  Pursuant to that statute, a district court may order a condition of supervised release (not already listed in that subsection), to the extent that it

> (1) is reasonably related to the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), and (a)(2)(D);
> (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in section 3553(a)(2)(B), (a)(2)(C), and (a)(2)(D); and
> (3) is consistent with any pertinent policy statements issued by the Sentencing Commission pursuant to 28 U.S.C. [§] 994(a).

18 U.S.C. § 3583(d).  However, unlike Estrada, we do not analyze the decision under the § 3583(d) provisions, because they guide the initial imposition of a condition of supervised release.  See United States v. D'Ambrosio, 105 F.4th 533, 540 (3d Cir. 2024) (discussing a companion subsection, § 3583(c), as listing "factors that a court must consider when *initially* imposing a condition of supervised release") (emphasis added). Modifications must be made "after considering the factors set forth in 18 U.S.C. § 3553(a)," Wilson, 707 F.3d at 416, which guide the imposition of a "sentence sufficient, but not greater than necessary, to comply with [the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with, inter alia, medical care or other correctional treatment in the most effective manner]."  18 U.S.C. § 3553(a).

Court's reasoning, its agreement with the Government's suggestion, was slim as it imposed six months of home confinement. But that reasoning necessarily incorporated the Government's explanation that the home-detention condition would assure Estrada's orderly transition to life in the community outside prison walls. We reject Estrada's claims that the District Court, in so reasoning, violated Estrada's due process rights or wholly failed to make an individualized assessment before imposing the home-detention conditions. Cf. United States v. Oliveras, 96 F.4th 298, 314, 316 (2d Cir. 2024) (vacating and remanding where a district court had imposed a condition based on "exclusive reliance on … generalized considerations").

Furthermore, the District Court has "broad discretionary authority to modify the terms and conditions of a defendant's supervised release," Wilson, 707 F.3d at 416, and (as the Government points out) home detention is not an atypical way for a prisoner to adjust to reentering society, see 18 U.S.C. § 3624(c).[5] Accordingly, we cannot say that the modification is unreasonable.[6] See generally Wilson, 707 F.3d at 416 (explaining that we review any modification for reasonableness).

---

[5] We, like the Government, recognize that, at least initially on release, Estrada faced issues with obtaining medical services and other benefits. However, it appears that the problems (and any resultant harm) stemmed not from the home-detention condition but from the absence of any arrangements for medication, care, or benefits before he was released from the RRC. Our ruling is without prejudice to his seeking from the appropriate District Court modifications to his home detention to permit for medical and benefit appointments.

[6] We acknowledge that reasonable minds could differ as to whether home detention is necessary for the purposes listed in § 3553(a)(2) given Estrada's infirmities and the District Court's finding that he does not pose a danger to the community. But there is no abuse of discretion when reasonable minds can differ. See Lindy Bros. Builders of Phila.

5

For these reasons, we will affirm the District Court's judgment.

v. Am. Radiator & Standard Sanitary Corp., 540 F.2d 102, 115 (3d Cir. 1976) (explaining that discretion is abused "only where no reasonable [person] would take the view adopted by the [district] court").