NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2409

_____

UNITED STATES OF AMERICA

v.

THOMAS ROBERTSON,
also known as Steven Hall,
                                                Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:20-cr-00419-001)
District Judge: Hon. Mitchell S. Goldberg

_____

Submitted under Third Circuit L.A.R. 34.1(a)
July 7, 2025

Before: KRAUSE, MATEY, and PHIPPS, *Circuit Judges*

(Filed: September 25, 2025 )

_____

OPINION*

_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

KRAUSE, *Circuit Judge*.

Thomas Robertson appeals his conviction and sentence for mail and bank fraud in violation of 18 U.S.C. §§ 1341 and 1344. His counsel has moved to withdraw under *Anders v. California*, 386 U.S. 738 (1967). Because an independent review of the briefing and record reveals no nonfrivolous issues, we will grant counsel's motion to withdraw and will affirm the judgment.

## I. DISCUSSION

When counsel seeks to withdraw under *Anders*, we first ask "whether counsel's brief in support of her motion fulfills the requirements of L.A.R. 109.2(a)." *United States v. Langley*, 52 F.4th 564, 569 (3d Cir. 2022). We are satisfied that counsel "thoroughly examined the record in search of appealable issues" and "explain[ed] why those issues are frivolous." *Id.* The filing also reflects a thorough review of the record including the validity of Robertson's guilty plea and appellate waiver and the legality and reasonableness of his sentence. Counsel has thus met her burden under our Local Rule.

Next, we ask "whether an independent review of the record presents any non-frivolous issues." *Id.* Because counsel fulfilled her obligation under *Anders*, we limit our review of the record to issues counsel has raised. *See id.*

We begin with Robertson's appellate waiver. Because Robertson knowingly and voluntarily waived his rights to appeal, we will enforce the waiver as to any issues that "fall within the scope" of the waiver, unless doing so "would work a miscarriage of justice." *United States v. Grimes*, 739 F.3d 125, 129 (3d Cir. 2014) (quoting *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013)). The appellate waiver covers "any

2

appeal . . . that challenges [Robertson's] conviction, sentence, or any other matters relating to [his] prosecution." J.A. 37 ¶ 14. Seven of the nine potentially appealable issues identified by counsel fall within the appellate waiver's scope,[1] and none of those falls within the waiver's limited exceptions. Moreover, nothing in the record indicates that this case is among the "unusual circumstances" in which enforcing an appellate waiver would "work[] a miscarriage of justice." *Grimes*, 739 F.3d at 130 (cleaned up).

The two remaining issues not barred by the appellate waiver—whether Robertson should have been permitted to withdraw his guilty plea, and whether the District Court lacked subject matter jurisdiction—are frivolous. The District Court's thorough plea colloquy demonstrates that the guilty plea had a sufficient factual basis and that Robertson understood the nature of the charges against him. And the District Court had subject matter jurisdiction under 18 U.S.C. § 3231.

In sum, we are convinced that this appeal "lacks any basis in law or fact," *McCoy v. Ct. of Appeals of Wis., Dist. 1*, 486 U.S. 429, 438 n.10 (1988), and so we may "dispose of [it] without appointing new counsel," 3d Cir. L.A.R. 109.2(a).

---

[1] These include whether the District Court erred in allowing Robertson to proceed *pro se*; whether the District Court erred in denying Robertson's *pro se* motion to dismiss all charges for lack of prosecution and evidence; whether the District Court erred in denying Robertson's motion to dismiss his indictment filed by standby counsel; whether the District Court erred in not granting a recusal; whether the District Court erred in sentencing Robertson according to the Government's loss calculation; whether the District Court erred in sentencing Robertson to a two-level enhancement pursuant to § 2B1.1(b)(2)(A)(i); and whether Robertson was entitled to a reduction in his offense level for acceptance of responsibility.

**II. CONCLUSION**

For the foregoing reasons, we will grant counsel's motion to withdraw and affirm the District Court's judgment.