**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3379
_____

UNITED STATES OF AMERICA

v.

BRYAN DOREIAN,
                                    Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:24-cr-00304-001)
District Judge: Honorable Harvey Bartle III
_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 3, 2025

Before: KRAUSE, PHIPPS, and ROTH, *Circuit Judges*

(Filed: March 20, 2026)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

KRAUSE, *Circuit Judge*.

Bryan Doreian appeals his conviction and sentence for two counts of making and subscribing a false tax return in violation of 26 U.S.C. § 7206(1). But Doreian entered a guilty plea with an appellate waiver. Because his appeal falls within the scope of that waiver, we will affirm the judgment.

## I.    DISCUSSION[1]

Doreian pleaded guilty to two tax offenses according to a plea agreement that included an appellate waiver. He was sentenced to 12 months in prison, at the low end of his Guidelines range of 12-18 months. He now argues we should not enforce that appellate waiver and should proceed to review his sentence for two reasons: (1) The plea agreement was an invalid contract because it lacked consideration, and (2) enforcing the appellate waiver would result in a "miscarriage of justice." *United States v. Wilson*, 429 F.3d 455, 458 (3d Cir. 2005). Because both arguments fail, we will enforce the waiver.

Before even discussing enforcement of the appellate waiver, Doreian contends that his plea agreement itself was never valid. A plea agreement is "contractual in nature," so it must satisfy the requirements of a contract. *United States v. Gebbie*, 294 F.3d 540, 545 (3d Cir. 2002). Doreian asserts that his plea agreement was unsupported by consideration—that is, "an act, forbearance or return promise bargained for and given" by the Government "in exchange for" Doreian's promise to plead guilty, and that constitutes a "benefit" to Doreian or "detriment" to the Government. *Blair v. Scott Specialty Gases*,

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

283 F.3d 595, 603 (3d Cir. 2002) (quoting *Channel Home Ctrs., Div. of Grace Retail Corp. v. Grossman*, 795 F.2d 291, 299 (3d Cir. 1986)). In short, Doreian believes he received nothing valuable in exchange for agreeing to plead guilty.

But the Government correctly identifies at least four valuable items of consideration that it gave to Doreian. The Government (1) agreed to limit by stipulation the tax-loss amount stemming from Doreian's offense conduct; (2) promised not to seek an upward departure; (3) stipulated to a two-point downward departure under § 3E1.1(a) of the Guidelines for acceptance of responsibility; and (4) promised to move for the so-called third point of downward departure for timely assistance to the authorities and preservation of trial resources under § 3E1.1(b).

Each of these items provided Doreian a benefit—a lower offense level, resulting in a lower Guidelines range—in exchange for his guilty plea. And each of these items constituted a detriment to the Government, by precluding it from making certain arguments at sentencing—a form of forbearance that gave Doreian the benefit of certainty. *See Blair*, 283 F.3d at 603. Even if, as Doreian argues, the above items were somehow "immutable fact[s] that the [G]overnment could not contest,"[2] Opening Br. 16, the Government's promise that it *would not* contest them was still more than enough for

---

[2] This argument also fails as to each item discussed above because (1) the record is not clear that the stipulated tax-loss amount of $409,928 was inarguable; (2) Doreian offers nothing but *ipse dixit* for why the Government lacked *any* ground to argue for an upward departure; (3) merely pleading guilty or proactively paying restitution does not entitle a defendant to the two-point downward departure, *see* U.S.S.G. § 3E1.1(a) cmt. n.3; and (4) the third point for preservation of trial resources is available only "upon motion of the government," *see id.* § 3E1.1(b)—that is, within the Government's discretion.

consideration.  In short, because any single one of these sources would suffice as consideration, the plea agreement is amply supported by consideration and is therefore valid, including its appellate waiver.

Turning next to whether we should enforce that valid waiver, we will do so if "we conclude (1) that the issues [Doreian] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."  *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013) (citation omitted).

The first requirement is easily satisfied.  Doreian does not argue that this appeal falls outside the scope of the broad language of his plea agreement's waiver.

Nor does he contest the second requirement—that he waived his appellate rights knowingly and voluntarily.  In any case, the District Court engaged in a thorough plea colloquy and explained the appellate waiver, as required by Federal Rule of Criminal Procedure 11(b), and Doreian acknowledged in his own sentencing memorandum that he "voluntarily and expressly waived his rights to appeal."  Supp. App. 37.

Last, nothing in the record suggests the "unusual circumstance" in which enforcing the waiver would allow "an error amounting to a miscarriage of justice" to go uncorrected.  *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001).  Doreian's within-Guidelines sentence is presumptively reasonable, *see Rita v. United States*, 551 U.S. 338, 347 (2007), and he offers no reason to deviate from that presumption.

Doreian fails to identify an error, much less "clarity of . . . error."  *See Khattak*, 273 F.3d at 563 (citation omitted).  He mostly repeats his arguments from sentencing and

points to cases with defendants in analogous circumstances who received shorter sentences. But Doreian cannot repackage such arguments for a lighter sentence—which the District Court already considered and rejected as part of its thorough § 3553(a) analysis—into a miscarriage of justice. Simply put, Doreian's bottom-of-the-Guidelines sentence is "precisely the type of appeal his appellate waiver was intended to foreclose." *United States v. Grimes*, 739 F.3d 125, 131 (3d Cir. 2014); *see also United States v. Castro*, 704 F.3d 125, 141-42 (3d Cir. 2013) (enforcing an appellate waiver on a "garden variety" claim that the district court erroneously calculated the Guidelines range).

\* \* \*

Because we will enforce the appellate waiver, we decline to consider Doreian's arguments regarding the reasonableness of his sentence under the sentencing factors of 18 U.S.C. § 3553(a).

## II. CONCLUSION

For the foregoing reasons, we will affirm the District Court's judgment.