NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-3361
_____

UNITED STATES OF AMERICA

v.

CORY SHEIDY,
                              Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3-17-cr-00159-001)
District Judge: Honorable James M. Munley

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 20, 2019

Before: AMBRO, RESTREPO and FISHER, *Circuit Judges*.

(Filed: August 14, 2019)
_____

OPINION[*]
_____

FISHER, *Circuit Judge*.

Cory Sheidy appeals the District Court's judgment of sentence. We will affirm.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

I.

Sheidy was charged with and pled not guilty to the receipt and distribution of nearly 70,000 images and videos of child pornography.[1] Due to his history of depression and anxiety, Dr. Chad Tillbrook—a forensic psychologist—conducted a month-long psychiatric evaluation to determine whether Sheidy was competent to stand trial. Dr. Tillbrook observed that, despite his mental health history, Sheidy could communicate intelligently about his case and concluded that he was not displaying any sort of deficit that might compromise his ability to rationally participate in his own defense.

Following discovery, Sheidy entered into a written plea agreement with the Government. At the change-of-plea hearing, the District Court instructed the Government to review specific terms of the agreement, including a waiver of appeal, which stated that:

> The defendant is aware that Title 18, United States Code, Section 1291, affords a defendant the right to appeal a judgment of conviction and sentence; and that Title 18, United States Code, Section 3742(a) affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal the conviction and sentence. This waiver includes any and all possible grounds for appeal, whether constitutional or non-constitutional, including, but not limited to, the manner in which that sentence was determined in light of *United States v. Booker*, 543 U.S. 220 (2005).[2]

The Government provided an oral review of the waiver, and defense counsel affirmed his agreement with the Government's description of the terms of the plea

---

[1] *See* 18 U.S.C. §§ 2252(a)(2).
[2] App. at 28.

agreement and reiterated that he "went over all those terms with Mr. Sheidy, and [Sheidy] acknowledges on page 37 that [they], in fact, went over them."[3]

Sheidy likewise stated that the Government and his counsel's statements matched his understanding and that the signature on the plea agreement was in fact his own. The District Court then confirmed that Sheidy understood that "if the sentence is more severe than [he] expected, [he] will still be bound by [his] plea and will have no right to withdraw it."[4] Before asking Sheidy for his plea, the District Court further inquired whether he had any questions or concerns about the plea agreement or its consequences. Sheidy confirmed that he understood everything that had been discussed and that he believed pleading guilty was in his best interest.

At the subsequent sentencing hearing, the District Court considered the presentence investigation report, Sheidy's statements and sentencing memorandum, his sister's testimony, defense counsel's mitigation arguments, the Government's arguments, and a victim impact letter before imposing a sentence of 151 months' imprisonment. Despite his waiver, Sheidy now appeals.

II.[5]

Sheidy acknowledges that he waived his appellate rights. He further recognizes that the issue he raises—that the District Court abused its discretion in relying on

---

[3] App. at 29.

[4] App. at 31.

[5] The District Court had jurisdiction to sentence Sheidy for his offenses against the laws of the United States, *see* 18 U.S.C. § 3231, and we have jurisdiction to review the sentence imposed, *see* 18 U.S.C. § 3742(a). We review the validity of appellate waivers *de novo*. *United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013).

3

"overinflated" sentence enhancers—falls within the scope of his waiver.[6]  Nevertheless, he argues that we should not enforce the waiver because his appellate rights were not adequately explained to him and because of his mental state at the change-of-plea hearing.  Where, as here, the subject of the appeal falls within the scope of the appellate waiver, "we will 'decline to review the merits . . .' if we conclude that: . . . he knowingly and voluntarily agreed to the appellate waiver[,] unless . . . enforcing the waiver would 'work a miscarriage of justice.'"[7]

Sheidy knowingly and voluntarily agreed to the waiver.  Though Sheidy suffers from anxiety and depression, Dr. Tillbrook determined that he was capable of understanding the charges against him and rationally assisting in his own defense, and Sheidy did not challenge these medical conclusions.  Prior to accepting Sheidy's guilty plea, the District Court carefully ensured that Sheidy understood the terms of the plea agreement and its consequences, and Sheidy acknowledged that he believed pleading guilty was in his best interest.  These circumstances reveal that Sheidy's waiver of his appellate rights was both knowing and voluntary.[8]

Enforcing the waiver will not result in an injustice.  As an initial matter, Sheidy does not make any arguments on this point, and it is well established that an appellant's

---

[6] Sheidy Br. at 11 (acknowledging waiver and that the "waiver included any and all possible grounds for appeal").

[7] *United States v. Erwin*, 765 F.3d 219, 225 (3d Cir. 2014) (quoting *United States v. Grimes*, 739 F.3d 125, 128-29 (3d Cir. 2014)).

[8] *See, e.g.*, *United States v. Jackson*, 523 F.3d 234, 243 (3d Cir. 2008) (finding that appellate waiver was knowing and voluntary where the court reviewed the details of the rights being waived and confirmed defendant's understanding of the waiver).

4

failure to argue an issue in his opening brief results in a waiver of that issue.[9]  However, even if he had properly raised a concern about the risk of injustice, the only potential error Sheidy identifies is that his sentence is unreasonable because the District Court relied on sentencing enhancements that "are clearly overinflated and extremely unwarranted in this matter."[10]

Though "there may well be unusual situations in which an unreasonable sentence, standing alone, could require invalidating [a] waiver to avoid a miscarriage of justice[,] . . . it will be a rare and unusual situation,"[11] such as a challenge that "implicate[s] fundamental rights or constitutional principles."[12]  Here, our review of the record demonstrates that the District Court considered the proper sentencing factors to reach a sentence that was at the lowest end of the applicable Guidelines range,[13] which the U.S. Congress purposefully outlined to deter the serious crimes related to child

---

[9] In the merits portion of his brief, Sheidy makes a single statement that "the 2G2.2 enhancements are overinflated and has [sic] caused an unjust sentence in the Defendant's case."  Sheidy Br. at 19.  However, this statement, made without connection to his arguments regarding our review of the appellate waiver, is insufficient to raise an argument before this Court.  *See Jones v. Se. Pa. Transp. Auth.*, 796 F.3d 323, 332 (3d Cir. 2015) (citing *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (per curiam) ("A skeletal 'argument,' really nothing more than an assertion, does not preserve a claim.")); *United States v. Hoffecker*, 530 F.3d 137, 162 (3d Cir. 2008) (quoting Fed. R. App. P. 28(a)(9)(A)).

[10] Sheidy Br. at 13.

[11] *Jackson*, 523 F.3d at 244 (3d Cir. 2008).

[12] *Grimes*, 739 F.3d 125, 131 (3d Cir. 2014) (internal quotation omitted).

[13] *See, e.g.*, App. at 49-53 (explaining the various § 3553(a) sentencing factors; applying them to Sheidy's particular circumstances, including his mental health history, military service, history with pain, and complicated home life; and concluding, after "tak[ing into acount] all of [the § 3553(a)] factors and ones that have been pointed out . . . by [defense counsel]," that Sheidy's actions were likely to cause lasting consequences for the victims of his crimes and necessitated 151 months' imprisonment).

pornography.[14]  Based on these facts, Sheidy's "challenge to his bottom-of-the-Guidelines sentence is precisely the type of appeal his appellate waiver was intended to foreclose,"[15] and it falls well short of demonstrating the risk of injustice that we require to overcome a knowing and voluntary waiver.  Therefore, we do not reach the merits of his appeal.

## III.

We will enforce the appellate waiver and affirm the District Court's judgment.

---

[14] *See* Prosecutorial Remedies and Tools Against the Exploitation of Children Today Act of 2003, Pub. L. No. 108-21, § 501, 117 Stat. 650 ("'The prevention of sexual exploitation and abuse of children constitutes a government objective of surpassing importance,' *New York v. Ferber*, 458 U.S. 747, 757 (1982), and this interest extends to stamping out the vice of child pornography at all levels in the distribution chain."); *cf. United States v. MacEwan*, 445 F.3d 237, 250 (3d Cir. 2006) (explaining that this Court "defer[s] to the findings made by Congress" in assessing the gravity of child pornography).

[15] *Grimes*, 739 F.3d at 131; *see also Jackson*, 523 F.3d at 237, 244 (finding that defendant "obviously" failed to demonstrate miscarriage of justice where defendant's challenge was solely to the reasonableness of her sentence).