NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-3782
_____

UNITED STATES OF AMERICA

v.

SEAN MOORE,

Appellant
_____

Appeal from the United States District Court
for the District of Delaware
(D.C. No. 1:16-cr-00077- 001)
District Judge: Hon. Richard G. Andrews
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 3, 2020
_____

Before: SHWARTZ, SCIRICA, and RENDELL, Circuit Judges

(Filed: February 5, 2020)

_____

OPINION[*]
_____

SHWARTZ, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

1

Sean Moore received an 18-month sentence for his federal program theft convictions and now appeals. Because Moore waived his right to appeal, and no manifest injustice will result from enforcing the waiver, we will grant his counsel's motion to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), and dismiss the appeal.

I

Moore served as the Director of Finance and Operations ("DFO") for the Family Foundations Academy, a charter school in New Castle, Delaware. Moore misappropriated $161,871 of school funds for his personal use.

The Government charged Moore in a criminal information with three counts of federal program theft in violation of 18 U.S.C. § 666(a)(1)(A) and (b). Moore pleaded guilty to the information pursuant to a plea agreement. The plea agreement contained a provision expressly waiving the right to file any appeal, except in the case of ineffective assistance of counsel or in certain other circumstances. Specifically, Moore's plea agreement:

> reserve[d] the right . . . to appeal if: (a) the [G]overnment appeals from the sentence, (b) the defendant's sentence exceeds the statutory maximum for the offense set forth in the United States Code, or (c) the sentence unreasonably exceeds the Sentencing Guidelines range determined by the District Court in applying the United States Sentencing Guidelines.

App. 25-26.

After the plea, the Probation Office prepared a Presentence Report, which calculated a Guidelines range of 18 to 24 months' imprisonment based on a total offense level of 15 and a criminal history category of I. The Government filed a motion

2

requesting a one-level downward departure that reduced the Guidelines range to 15 to 21 months. Moore asked the Court to depart further from the Guidelines range to a non-custodial sentence or home confinement.

The Court granted the Government's motion for a one-level downward departure, adopted the 15 to 21 month Guidelines range, and sentenced Moore to 18 months' imprisonment followed by 3 years' supervised release. In arriving at this sentence, the Court considered the relevant 18 U.S.C. § 3553(a) factors and focused on the nature and circumstances of the offense, Moore's personal characteristics, and the need for deterrence and to avoid unwarranted sentence disparities. Moore was also ordered to pay $161,871 in restitution and a special assessment of $300.

At Moore's request, his counsel filed a notice of appeal. Counsel also filed a brief pursuant to Anders. In the Anders brief, counsel explains that Moore believes the District Court should have sentenced him to home confinement followed by supervised release, but counsel concludes that any such argument would be frivolous because of Moore's appellate waiver.

II[1]

---

[1] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review to determine whether there are any non-frivolous issues for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988). While an appellate "waiver does not deprive us of subject matter jurisdiction, . . . when the waiver is valid, we will not exercise that jurisdiction to review the merits of [the] appeal." United States v. James, 928 F.3d 247, 252 (3d Cir. 2019) (alteration in original) (internal quotation marks omitted). Under such a circumstance, we may dismiss the appeal. See id.

3

A

"Third Circuit Local Appellate Rule 109.2(a) reflects the guidelines the Supreme Court promulgated in Anders to assure that indigent clients receive adequate and fair representation." United States v. Youla, 241 F.3d 296, 300 (3d Cir. 2001). Defense counsel may file a motion to withdraw and an accompanying brief pursuant to Anders when counsel has reviewed the record and concluded that "the appeal presents no issue of even arguable merit." Third Circuit L.A.R. 109.2(a). When counsel submits an Anders brief, we must determine: "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." Youla, 241 F.3d at 300 (citing United States v. Marvin, 211 F.3d 778, 780 (3d Cir. 2000)). To determine whether counsel has fulfilled the rule's requirements, we examine the brief to see if it: (1) shows that counsel has thoroughly examined the record in search of appealable issues, identifying those that arguably support the appeal even if wholly frivolous, Smith v. Robbins, 528 U.S. 259, 285 (2000); and (2) explains why the issues are frivolous, Marvin, 211 F.3d at 780-81. If these requirements are met, we need not scour the record for issues and the Anders brief guides our review. Youla, 241 F.3d at 301.

Counsel's Anders brief satisfies both elements, and an independent review of the record reveals no non-frivolous issues. First, the brief demonstrates an examination of the record in search of appealable issues. It analyzes Moore's appellate waiver, concluding that the waiver precludes this Court from considering his appeal, and

4

examines the District Court's decision to grant the Government's departure motion and its consideration of the § 3553(a) factors. Second, the brief explains why a challenge to the sentence is frivolous, both because any such appeal is foreclosed by the appellate waiver and because Moore's claim has no arguable merit. Counsel's <u>Anders</u> brief is therefore sufficient, and we will proceed to consider whether the appellate waiver bars this appeal.

B

We will generally decline to entertain an appeal and "will enforce an appellate waiver . . . where we conclude (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice." <u>United States v. Grimes</u>, 739 F.3d 125, 128-29 (3d Cir. 2014) (quoting <u>United States v. Wilson</u>, 707 F.3d 412, 414 (3d Cir. 2013)); <u>see also</u> <u>United States v. Corso</u>, 549 F.3d 921, 927 (3d Cir. 2008); <u>United States v. Khattak</u>, 273 F.3d 557, 558 (3d Cir. 2001). "We review the validity and scope of an appellate waiver de novo." <u>Grimes</u>, 739 F.3d at 129.

To determine the scope of an appellate waiver, we examine the language of the plea agreement and strictly construe it. <u>Corso</u>, 549 F.3d at 927 (citation omitted). The text of the appellate waiver provision here provides that "defendant knows that he has, and voluntarily and expressly waives, the right to file any appeal," App. 25, except if: (1) there was ineffective assistance of counsel; (2) the Government appealed from the

sentence; (3) the sentence exceeded the statutory maximum set forth in the United States Code; or (4) the sentence unreasonably exceeded the Sentencing Guidelines range determined by the District Court.

None of the exceptions apply. There is no allegation that counsel was ineffective, the Government has not appealed, and the sentence did not exceed the statutory maximum or the applicable Guidelines range. As to this last point, the District Court departed from the applicable guidelines range. As a result, counsel correctly concluded that any challenge to Moore's sentence would fall within the scope of the appellate waiver.

Additionally, there is nothing in the record to suggest that Moore did not agree to the appellate waiver knowingly and voluntarily. Although the transcript of the plea hearing is absent from the record, there is no allegation that the District Court failed to conduct the plea hearing in accordance with Fed. R. Crim. P. 11 or that it failed to address Moore in open court and confirm he understood the appellate waiver. Fed. R. Crim. P. 11(b)(1)(N). Rather, both Moore's counsel and the Government affirmatively state that Moore's guilty plea was knowing and voluntary. Moreover, Moore affirmed his understanding of the appellate waiver in writing by signing the plea agreement. In addition, during his sentencing, Moore spoke about his understanding of the consequences of his conduct and did not assert his plea was not knowing and voluntary. Finally, Moore has not filed a pro se brief suggesting that his appellate waiver was not knowing and voluntary. Thus, there is no non-frivolous argument that Moore did not

6

knowingly and voluntarily enter a guilty plea pursuant to a plea agreement, which included a waiver of his right to appeal.

Finally, enforcing the waiver would not work a miscarriage of justice. "[T]he miscarriage of justice exception to appellate waivers applies only in 'unusual circumstance[s] . . . with the aim of avoiding manifest injustice.'" Grimes, 739 F.3d at 130 (quoting Castro, 704 F.3d at 136). Here, there is no error, and hence no manifest injustice. Moore was charged in a district court with jurisdiction, entered a knowing and voluntary guilty plea to the charges, and was sentenced below the statutory minimum. Moreover, the District Court calculated the Guidelines range, granted the Government's motion, considered the § 3553(a) factors, and imposed an 18-month sentence, which was in the middle of the applicable Guidelines range. See United States v. Fountain, 792 F.3d 310, 322 (3d Cir. 2015) ("Sentences that fall within the applicable guidelines range are more likely to be reasonable than those that do not."). Thus, any claim that the sentence was procedurally or substantively unreasonable would be frivolous. Furthermore, we lack jurisdiction to review the extent of a departure a district court grants. United States v. Watson, 482 F.3d 269, 271 n.2 (3d Cir. 2007) ("We do not have jurisdiction to review . . . appeals by defendants challenging the extent of a downward departure."). In short, there were no errors, and so there is no miscarriage of justice from enforcing the appellate waiver.

7

IV

For the foregoing reasons, we will grant counsel's motion to withdraw and dismiss

the appeal.[2]

---

[2] Moore is hereby advised that under the Criminal Justice Act, counsel is not obligated to file any further applications, including a petition for rehearing in this Court or a petition for writ of certiorari in the United States Supreme Court. See L.A.R. 35.4; 109.2(b). If Moore wishes to pursue these avenues, he must either retain counsel or pursue them pro se. Moore should note that a petition for rehearing en banc must be filed within 14 days of the entry of judgment. Counsel shall timely send a copy of this opinion to Moore.