**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 13-4087**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

CHARLES S. JONES,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Henry E. Hudson, District Judge. (3:07-cr-00008-HEH-1)

─────────────

Submitted: July 31, 2013              Decided: August 21, 2013

─────────────

Before DUNCAN, AGEE, and THACKER, Circuit Judges.

─────────────

Dismissed by unpublished per curiam opinion.

─────────────

Mark Bodner, Fairfax, Virginia, for Appellant. Olivia L. Norman, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2007, Charles Sherrod Jones pled guilty, pursuant to a written plea agreement, to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base, in violation of 21 U.S.C. § 846 (2006), and the district court sentenced him as a career offender to 275 months' imprisonment. In 2010, the district court reduced Jones' sentence to 193 months' imprisonment pursuant to Fed. R. Crim. P. 35(b)(2). Jones subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2013), arguing that he was improperly sentenced as a career offender. In 2012, the district court granted Jones' § 2255 motion, finding that Jones did not possess the requisite two prior felony convictions in order to qualify as a career offender pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 4B1.1 (2012). After appointing counsel to represent Jones and hearing arguments from both parties, the district court re-sentenced Jones to 98 months' imprisonment.

Jones now appeals. His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether the district court committed procedural error in calculating Jones' Guidelines range because it included Jones' 2002 uncounseled, consolidated state court convictions in his

2

criminal history score.  Jones has filed a supplemental pro se brief arguing that his waiver of the right to counsel in his 2002 consolidated state court convictions violated the Sixth Amendment because his waiver was not knowing and intelligent. Jones further argues that the district court plainly erred when it used the 2002 convictions to calculate his criminal history score.  The Government has filed a motion to dismiss Jones' appeal of his sentence based on the appellate waiver provision in the plea agreement.  We grant the motion to dismiss.

We review de novo a defendant's waiver of appellate rights.  United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005).  "A defendant may waive his right to appeal if that waiver is the result of a knowing and intelligent decision to forgo the right to appeal."  United States v. Amaya-Portillo, 423 F.3d 427, 430 (4th Cir. 2005) (internal quotation marks omitted).  To determine whether the waiver is knowing and intelligent, this court looks "to the totality of the circumstances, including the experience and conduct of the accused, as well as the accused's educational background and familiarity with the terms of the plea agreement."  United States v. General, 278 F.3d 389, 400 (4th Cir. 2002) (internal quotation marks omitted).

Our review of the record leads us to conclude that Jones knowingly and voluntarily waived the right to appeal his

3

sentence. The issue raised by Jones and his counsel, questioning whether the district court committed procedural error in calculating Jones' Guidelines range, is within the scope of the waiver.

Jones contends that enforcement of his appellate waiver would constitute a miscarriage of justice. We disagree. "[W]e have refused to enforce valid appeal waivers for a narrow class of claims, . . . based on our determination that those claims were not within the scope of the waiver." Blick, 408 F.3d at 171 (internal quotation marks omitted). For example, we refuse to enforce a valid appellate waiver when an appellant challenges "a sentence imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race," United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992), or when an appellant challenges a "sentence on the ground that the proceedings following entry of the guilty plea were conducted in violation of his Sixth Amendment right to counsel." United States v. Attar, 38 F.3d 727, 732 (4th Cir. 1994); see United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005) (summarizing holdings in Marin and Attar). We "'refuse to enforce an otherwise valid waiver if to do so would result in a miscarriage of justice.'" Johnson, 410 F.3d at 151 (quoting United States v. Andis, 333 F.3d 886, 891 (8th Cir. 2003)).

Here, Jones' argument that his 2002 uncounseled, consolidated state court convictions violated his Sixth Amendment right to counsel asserts a violation by the state court, but does not amount to a constitutional violation by the district court.  Because Jones' challenge regards the district court's calculation of his Guidelines range, there is no miscarriage of justice sufficient to overcome the appellate waiver.  See Andis, 333 F.3d at 892 (describing "miscarriage of justice" exception as "extremely narrow," and noting that "an allegation that the sentencing judge misapplied the Sentencing Guidelines . . . is not subject to appeal in the face of a valid appeal waiver").  Consequently, appellate review of the district court's calculation of Jones' Guidelines range is foreclosed.

Pursuant to Anders, we have reviewed the entire record and have found no unwaived issues that are meritorious and outside the scope of the waiver.  We therefore grant the Government's motion to dismiss the appeal of Jones' sentence. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the United States for further review.  If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Jones.

5

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

DISMISSED
