**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 14-4143**

———————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

FRANK M. JACKSON, JR.,

             Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern
District of North Carolina, at Raleigh.    Louise W. Flanagan,
District Judge.  (5:07-cr-00019-FL-1)

———————

Submitted:  September 25, 2014      Decided:  September 29, 2014

———————

Before WILKINSON and AGEE, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————

Dismissed in part and affirmed in part by unpublished per curiam
opinion.

———————

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   Jennifer P. May-Parker, Assistant United States
Attorney, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frank M. Jackson, Jr., pled guilty pursuant to a written plea agreement to possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2012). He was sentenced within the Guidelines range to fifty-seven months' imprisonment.[*] On appeal, counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning the substantive reasonableness of Jackson's sentence. Jackson was informed of his right to file a pro se brief but has not done so. The Government has filed a motion to dismiss this appeal on the ground that Jackson knowingly and intelligently waived the right to appeal his sentence. For the reasons that follow, we dismiss in part and affirm in part.

As pertinent to this appeal, in his plea agreement, Jackson waived the right to appeal his sentence reserving only the right to appeal from a sentence in excess of the applicable advisory Guidelines range established at sentencing. A defendant may waive the right to appeal if that waiver is

---

[*] Jackson was initially sentenced to 151 months' imprisonment. Jackson subsequently filed a 28 U.S.C. § 2255 (2012) motion seeking relief under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). The district court granted the motion and imposed the fifty-seven-month sentence at resentencing.

knowing and intelligent and the issues raised on appeal fall within the waiver's scope. United States v. Davis, 689 F.3d 349, 354-55 (4th Cir. 2012) (per curiam). The validity of an appeal waiver "ultimately is evaluated by reference to the totality of the circumstances." United States v. Copeland, 707 F.3d 522, 528 (4th Cir. 2013) (quotation marks omitted). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. Id.

A review of the record discloses that the district court determined Jackson was competent to plead guilty, had the opportunity to discuss his plea agreement with counsel, entered his guilty plea in the absence of threats or force, and understood the terms of his appeal waiver. Moreover, the sentence imposed did not exceed the advisory Sentencing Guidelines range. Thus, we conclude that Jackson validly waived his right to appeal his sentence and that the claim raised on appeal falls within the scope of his waiver. See Davis, 689 F.3d at 354-55. Accordingly, we grant the Government's motion to dismiss in part and dismiss the appeal of Jackson's sentence.

Although the waiver provision in the plea agreement precludes our review of Jackson's sentence, the waiver does not preclude our review of any errors in Jackson's conviction that

3

may be revealed by our review pursuant to <u>Anders</u>. In accordance with <u>Anders</u>, we have reviewed the record in this case and have found no meritorious grounds for appeal. Thus, as to Jackson's conviction, we deny in part the Government's motion to dismiss and affirm the conviction.

This court requires that counsel inform Jackson, in writing, of his right to petition the Supreme Court of the United States for further review. If Jackson requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jackson. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>DISMISSED IN PART;</u>
<u>AFFIRMED IN PART</u>

4