**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 23-2266
_____

UNITED STATES OF AMERICA

v.

CHARLES ORLANDO,
                              Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-18-cr-00505-001
District Judge:  The Honorable Wendy Beetlestone

_____

Submitted under Third Circuit L.A.R. 34.1(a)
June 28, 2024

Before: JORDAN, SMITH, *Circuit Judges*, and BUMB, *Chief District Judge*[*]
(Filed: July 12, 2024)

_____

OPINION[†]

_____

---

[*] Honorable Renée Marie Bumb, Chief District Judge of the United States District Court for the District of New Jersey, sitting by designation.
[†] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SMITH**, *Circuit Judge*.

In July 2023, Charles Orlando was sentenced to 600 months of imprisonment and a lifetime of supervised release for seven counts of criminal activity relating to child pornography. He now challenges his sentence as substantively unreasonable. He also argues that the District Court's imposition of a standard condition of supervision—that he maintain full-time employment unless Probation excuses him from doing so—was plainly erroneous. For the reasons set forth below, we will affirm.

I.

On November 8, 2018, a federal grand jury issued an eight-count indictment against Orlando, charging him with five counts of manufacturing child pornography in violation of 18 U.S.C. § 2251(a) and (e); two counts of receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2) and (b)(1); and one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and (b)(2). Four days before trial was set to begin, Orlando entered an open plea of guilty to all charges in the indictment.[1]

At sentencing, Orlando faced a mandatory minimum sentence of 180 months and a Guideline range of life imprisonment. At his sentencing hearing, three of Orlando's relatives spoke on his behalf and he exercised his right to allocution. Ultimately, the District Court sentenced Orlando to 600 months' imprisonment and a lifetime of supervision. The District Court imposed, *inter alia*, the "standard" conditions of supervision, which require that, while on supervised release, Orlando "work full time (at

---

[1] Prior to sentencing, and upon the Government's motion, the District Court dismissed one of the counts relating to the manufacture of child pornography.

least 30 hours per week) at a lawful type of employment, unless the probation officer excuses [him] from doing so." App. 6. Orlando did not object to the requirement that he maintain full-time employment while on supervised release. The Court also imposed, *inter alia*, a $20,000 restitution order. Orlando timely appealed.

II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231. This Court has jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. "An objection to the reasonableness of the final sentence will be preserved if, during sentencing proceedings, the defendant properly raised a meritorious factual or legal issue relating to one or more of the factors enumerated in 18 U.S.C. § 3553(a)." *United States v. Grier*, 475 F.3d 556, 571 n.11 (3d Cir. 2007) (en banc). Orlando raised such issues and argued for an under-guidelines sentence. We therefore review the substantive reasonableness of Orlando's sentence for abuse of discretion. *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc). Because Orlando's objection to the work condition was not preserved, we review the imposition of that condition for plain error. *United States v. Voelker*, 489 F.3d 139, 143 n.1 (3d Cir. 2007).

III.

Orlando argues that his sentence was substantively unreasonable "because it nearly doubles the usual severe punishment" and "is unnecessary" to accomplish any "goal of sentencing." Orlando Br. at 15. A defendant challenging the substantive reasonableness of his sentence bears the burden of demonstrating unreasonableness. *Tomko*, 562 F.3d at 567. The "touchstone of reasonableness is whether the record as a whole reflects rational and

3

meaningful consideration of the" § 3553(a) factors. *Id.* at 568 (quoting *Grier*, 475 F.3d at 571). Ultimately, "we will affirm . . . unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Id.* Because Orlando's sentence was less than the Guideline range of life imprisonment, it is "presumptively reasonable." *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (citing *Rita v. United States*, 551 U.S. 338, 350-51 (2007)).

After reviewing the record, we cannot conclude that Orlando's sentence was substantively unreasonable. At sentencing, the District Court discussed the § 3553(a) factors in detail, and its reasoning reveals a rational and meaningful consideration of those factors. We note three considerations in particular that underscore the substantive reasonableness of the sentence imposed.

First, the District Court noted the "heinous" nature of Orlando's offense. App. 162. He manufactured pornographic videos involving children who were toddlers at the time of some of the offense conduct. Two of those videos involved digital penetration of the minor victim. Moreover, Orlando had over 1300 images of child pornography, and several of the images depicted the violent and sadistic rape of children, including toddlers, by adult men.

Second, the District Court articulated an urgent need for specific deterrence. The District Court found that Orlando "poses a significant risk to any child within his reach" and that his "past conduct has suggested that there are no depths to which he will not sink to satisfy his cruel and [depraved] appetites." App. 162.[2] We cannot conclude, based on

---

[2] Though the District Court did not elaborate on its reasons for this finding, we note that the conduct underlying the indictment took place over the course of seven years. Forensic

4

the cold record and in light of Orlando's conduct, that the District Court erred in determining that the sentence imposed was necessary to deter Orlando from harming other children in the future.

Finally, the proceedings before the District Court demonstrate that Orlando's sentence was the product of "an individualized assessment based on the facts presented."[3] *Gall v. United States*, 552 U.S. 38, 50 (2007). District courts are required to "avoid *unwarranted* sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6) (emphasis added).[4] Based on the

---

examination of Orlando's electronic equipment revealed numerous internet searches indicating an ongoing sexual attraction to, and desire to victimize, pre-teen children. And although Orlando received a two-point downward adjustment for acceptance of responsibility, his allocution at sentencing indicates that he was in denial about his behavior. Immediately after stating that he "take[s] responsibility for everything" he did, Orlando noted that he did not "remember like 95 percent of" the offense conduct. App. 156. Later, he stated that though he "kn[ew] it was [him] who did it . . . it was not [him] as a person." App. 158. He also reiterated a facially implausible story to the effect that his attempts to access child pornography grew out of legitimate internet searches and accused Probation of omitting relevant information from the Presentence Investigation Report about abuse that he suffered as a child.

[3] As set forth above, the District Court heard testimony at sentencing from Orlando and three of his relatives. In addition to the considerations noted above the line, in imposing its sentence, the District Court highlighted Orlando's attempts to hide evidence from law enforcement; the specific victim-impact statements submitted by the Government; Orlando's progress towards obtaining his GED; specific physical ailments and mental disorders afflicting Orlando; his history of drug use; his employment history; and his conduct in prison.

[4] Orlando also argues that the District Court "exacerbate[d]" "unwarranted sentencing disparities" by "neglect[ing] . . . national norms" in favor of data from the Eastern District of Pennsylvania. Orlando Br. at 13. Orlando is correct that "the purpose of § 3553(a)(6) is to promote *national* uniformity in the sentences imposed by federal courts." *United States v. Begin*, 696 F.3d 405, 412 (3d Cir. 2012) (emphasis added). However, Orlando cites no cases, and we can find none, to suggest that mere *consideration* of local sentencing trends

proceedings in this case, we are not convinced that the District Court abused its discretion in concluding that any disparity between Orlando's sentence and the sentences other offenders have received was warranted.[5] And § 3553(a)(6) "is just one factor . . . that should be balanced against the others." *United States v. Charles*, 467 F.3d 828, 833 (3d Cir. 2006). To the extent that Orlando's sentence is arguably harsh, we note that the District Court departed downward from the applicable Guideline range of life imprisonment. We would have difficulty concluding that any unreasonableness in Orlando's sentence resulted from the District Court's not having departed downward *enough*.

In sum, we cannot conclude that "no reasonable sentencing court would have imposed the same sentence on [Orlando] for the reasons the [D]istrict [C]ourt provided." *Tomko*, 562 F.3d at 568.

---

is inappropriate. The District Court also explicitly referenced its consideration of sentences imposed "across the country." App. 165. At all events, we cannot conclude that any disparity between Orlando's sentence and the sentences of similarly situated offenders was unwarranted.

[5] Though Orlando cites a number of cases in service of his argument that his sentence "is excessively severe," Orlando Br. at 21, each of those cases is distinguishable from the case at bar. For instance, Orlando cites *United States v. Grzybowicz*, 747 F.3d 1296 (11th Cir. 2014). The defendant in *Grzybowicz* received a 360-month sentence after he convinced a two-year-old girl's mother to leave her in his care at an amusement park, sexually abused her, and used his camera phone to capture images similar to those that Orlando created. *Id. at* 1299-1301. But that case involved the abuse of one child, not two, and the victim was in the defendant's care for fewer than ten minutes. *Id.* at 1301. Moreover, the defendant possessed 79 total images of child pornography, *id.* at 1300, whereas Orlando possessed more than 1300 images of child pornography.

Orlando next challenges the District Court's imposition of a condition of supervision requiring him to maintain full-time employment unless excused from doing so by Probation. Because he did not preserve this issue, we review for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009) (articulating the plain error standard).

The record does not support a finding of plain error. A district court can impose a condition of supervision beyond what is statutorily required "to the extent that such condition (1) is reasonably related to the factors set forth in [18 U.S.C. § 3553(a)]; [and] (2) involves no greater deprivation of liberty than is reasonably necessary for the purposes set forth in [§ 3553(a)]." 18 U.S.C. § 3583(d). In other words, such conditions "must be reasonably related in a 'tangible way,' to the defendant's crimes or something in his history, and it must involve no greater deprivation of liberty than is reasonably necessary to deter future crime, protect the public, or rehabilitate the defendant." *United States v. Senke*, 986 F.3d 300, 317 (3d Cir. 2021) (quoting *United States v. Pruden*, 398 F.3d 241, 248-49 (3d Cir. 2005)).

Without a job after his release, Orlando is unlikely to be able to pay the $20,000 of restitution that he owes to the victims of his crimes. The condition requiring Orlando to maintain full-time employment upon his release is therefore reasonably related to his crime, and the District Court did not plainly err in imposing such a condition.[6]

---

[6] To the extent that Orlando raises legitimate concerns regarding his age upon release, we note that the at-issue condition incorporates an exception permitting Probation to excuse Orlando from this requirement. Should Probation refuse to excuse Orlando from complying with the work requirement, Orlando would be free to file a motion for modification of the

***

For the reasons set forth above, we will affirm the judgment of the District Court.

---

conditions of his supervision with the District Court and appeal any denial of such a motion to this Court. *See United States v. Wilson*, 707 F.3d 412, 416 (3d Cir. 2013).